THOMAS W. COX & another *vs.* TIMOTHY W. HOXIE & another.

Suffolk.   March 25, 26. — April 17, 1874.   AMES & DEVENS, JJ., absent.

B. gave a mortgage to H. as security for a loan and future advances agreed in writing to be made on the performance of certain conditions. B. then sold the equity of redemption to A. " subject to my mortgage to H. to be assumed and paid by the grantee : " afterwards he assigned the agreement to C., who notified H. to hold the mortgage and note undischarged as security for him. After that A. assigned the equity of redemption " subject to a mortgage : " the plaintiffs claiming under A.'s assignee asked to redeem the mortgage on payment of the loan secured by the mortgage, without showing that H. was discharged from all

liability under the agreement to make future advances. At the time when the bill was filed no advances had been made, and the condition on which they were payable had not been performed. *Held,* that the plaintiff must pay the full amount of the note in order to redeem, and that the mortgagee would hold the balance over and above the amount advanced by him in trust for the assignee of the agreement.

BILL IN EQUITY by Thomas W. Cox and Judah H. Cox, to enjoin Timothy W. Hoxie from selling an estate situated on the corner of Fort Avenue and Highland Park, Boston, under a power of sale contained in a mortgage given by William Bowe to Hoxie. After the filing of the bill Stephen M. Allen was made a party defendant.

The case was reserved for the consideration of the full court by *Morton,* J., on the bill, answers, and agreed facts, from which it appeared that :

Allen conveyed to Bowe the estate in question November 25, 1870, taking back a mortgage for forty-six hundred dollars ; Hoxie afterwards agreed to lend Bowe four thousand dollars upon the security of the estate, and Allen at the request of Bowe discharged his mortgage, receiving from Hoxie twenty-five hundred and sixty dollars, and Hoxie also signed the following agreement :

" A memorandum made this 15th day of March, 1871, witnesseth, William Bowe, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, has this day given Timothy W. Hoxie, of said Boston, his promissory note for $4000, payable in three years from date, with interest at the rate of seven and one half per cent per annum, payable semi-annually, and secured by mortgage of same date, upon a certain lot of land situated on Highland Park and Fort Avenue, in that part of said Boston formerly called Roxbury, reference to which mortgage, on record in the Suffolk Registry of Deeds, is hereby made for a more particular description of said lot ; upon which said note and mortgage the said Hoxie has paid to the said Bowe the sum of twenty-five hundred and sixty dollars, leaving a balance to be paid by said Hoxie to the said Bowe of $1440, when the dwelling house now in the process of erection on said lot is entirely completed and ready for occupation, and said lot is permanently fenced and graded. The said Bowe covenants and agrees with said Hoxie to prosecute said work to its completion without unnecessary de-

lay, and not to demand said balance until the same is completed. And the said Hoxie covenants and agrees with the said Bowe to pay said balance to him, on demand, upon satisfactory evidence being furnished to him that said work is completed as aforesaid, and that no liens of mechanics or material used for the erection of said building exist, said Bowe delivering up to said Hoxie this agreement."

On March 24, 1871, Bowe conveyed the estate to Anderson, who had previously contracted with Bowe to build and complete the house. The conveyance from Bowe to Anderson was "subject to my mortgage to T. W. Hoxie, for four thousand dollars, to be assumed and paid by the grantee;" Anderson gave Bowe a mortgage of the estate dated June 15, 1871, the conveyance being "subject to a mortgage of four thousand dollars." On June 16, 1871, Bowe assigned this mortgage to Enoch H. Wakefield, and Wakefield, in execution of the power of sale contained in said mortgage, conveyed the estate to the plaintiffs by deed dated October 16, 1872. On May 24, 1871, Bowe assigned Hoxie's agreement to Allen, who notified Hoxie to hold the mortgage and note undischarged as security for the payment to him of the fourteen hundred and forty dollars yet to be advanced. On March 13, 1873, the interest became due on the mortgage to Hoxie, and as it was not paid, he advertised the estate for sale, in pursuance of the power of sale contained in said mortgage; the plaintiffs tendered Hoxie twenty-five hundred and sixty dollars, with one hundred and seventy-five dollars as interest, and twenty-five dollars for the expenses of the advertisement, and twenty dollars for an insurance policy which had been taken out by Hoxie; the tender was made upon the express condition that it should be received in full satisfaction of the mortgage; no tender was made of indemnity against the obligation given by Hoxie to Bowe, nor was there an offer to surrender it. The house was not completed at the time the bill was filed.

*A. E. Pillsbury*, for the plaintiffs. 1. The terms of Bowe's deed to Anderson probably bound the latter to payment of the full amount of $4000; although it has been held otherwise. *Muson v. Barnard*, 36 Mo. 384. But the obligation is personal and does not run with the estate nor bind the plaintiffs. *Strong v. Converse,* 8 Allen, 557. *Drury v. Tremont Improvement Co.* 13

Allen, 168. *Garnsey* v. *Rogers*, 47 N. Y. 233. *King* v. *Whitely*, 1 Hoff. Ch. 477. *Johnson* v. *Monell*, 13 Iowa, 300.

2. The mere recital in an instrument of conveyance that the granted premises are " subject to a mortgage for " a certain amount, binds neither the grantee nor the estate to payment of the whole amount unless the whole is equitably due. *Farnum* v. *Metcalf*, 8 Cush. 46. *Russell* v. *Kinney*, 1 Sandf. Ch. 34. *Miller* v. *Lockwood*, 32 N. Y. 293, and cases cited. *Mills* v. *Watson*, 1 Sweeny, 374. *Griffin* v. *New Jersey Oil Co.* 3 Stockt. 49. *Collins* v. *Carlile*, 13 Ill. 254. *Robinson* v. *Cromelein*, 15 Mich. 316. *Bradford* v. *Forbes*, 9 Allen, 365.

*D. Thaxter*, for the defendant Hoxie, and *N. Morse*, for the defendant Allen, were not called upon.

COLT, J. The only question here raised relates to the amount which the plaintiffs must pay to redeem a mortgage to secure a note for $4000 given by Bowe to Hoxie, under which the defendants claim.

The case is heard upon the bill, answer and agreed statement of facts. It appears that the mortgage and note were originally given to secure Hoxie for an advance of $2560, and an agreement to advance the balance upon certain conditions, given in writing to Bowe the mortgagor. Bowe conveyed his equity to Anderson by deed containing these words, " subject to my mortgage to Hoxie for $4000, to be assumed and paid by the grantee," and then while the title was in Anderson, assigned his agreement with Hoxie for a future advance to the other defendant Allen. The plaintiffs claim their right to redeem by a mesne conveyance from Anderson in which the land is described as subject to a mortgage of $4000.

At the time of filing this bill no further advances had been made, but there is nothing to show that the conditions of Hoxie's agreement to advance might not have been waived by him, or could not have been complied with by Bowe, or by some one in his behalf. In either case, if the advances were made, Hoxie would be entitled to hold the mortgage as security for its full amount as against those who show no higher equity than the plaintiffs disclose. Hoxie's liability under the agreement was not terminated by the sale of the equity; it was still outstanding in the hands of Bowe's assignee, the defendant Allen. There is no

superior equity here shown in favor of the plaintiffs as assignees of the right to redeem, who bought subject to the mortgage, over the assignee of a right to a future advance under an existing mortgage, who took his assignment while the title to redeem was in those who had agreed to pay such advance, and who then notified the mortgagee thereof, and required him in the language of the answer to hold the mortgage and note undischarged as security for him. Under such circumstances Hoxie holds the mortgage over and above the amount advanced by him in trust for Allen.

The plaintiffs are entitled to redeem on the payment of the $4000 note with interest and costs.          *Decree accordingly.*