MYER SWARTZMAN & another *vs.* WILLIAM W. BABCOCK.

Suffolk. March 13, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, SHELDON, & CROSBY, JJ.

*Contract*, Consideration. *Bills and Notes. Order.*

A building contractor gave to a subcontractor who was doing the painting upon buildings being erected by him on different lots of land two orders upon the holder of construction mortgages upon the premises, each order being for money to be paid, in part out of the contractor's "completion payment" on the mortgage upon a building, and in part out of his "thirty-three day after completion payment," and the mortgagee accepted the orders, the payments to be made when the contractor should "earn" the respective payments. When one order was overdue, the subcontractor applied to the mortgagee for payment of a balance

due thereon, and the mortgagee told him that, if he would wait another week and in the meantime would complete the building referred to in the other order, "thereby completing his entire work," he "would receive his money." The subcontractor, relying on that promise, completed his work on the other building, and the mortgagee failed to pay. *Held,* that there was a sufficient consideration for the independent promise of the mortgagee, and that the subcontractor might maintain an action thereon.

If the holder of a construction mortgage upon buildings in process of erection, upon presentation to him of certain orders of the contractor erecting the buildings, directing that payments be made to a subcontractor from the contractor's "completion payment" and his "thirty-three day after completion payment," and the mortgagee accepts the orders by promising to make the payments when the contractor shall "earn" the respective payments, the mortgagee cannot set up, in defense to an action upon the order by the subcontractor, that the building was not fully completed, if the only reason that it was not fully completed was that the contractor and the mortgagee had agreed to dispense with the construction of a part of the building which was to have been constructed.

CONTRACT, with a declaration in two counts, the first count being upon orders of one Jacob Luff upon the defendant, hereinafter described, and the second count being upon an account annexed for $375, "balance of amount due for material, and labor for painting." Writ in the Municipal Court of the City of Boston dated April 1, 1912.

On appeal to the Superior Court, the case was tried before *Aiken,* C. J. It appeared that the plaintiffs were partners. One of them testified that Jacob Luff, a builder, sought to make an agreement with them for the painting and paper-hanging of apartment houses in Belmont; that they would not enter into an agreement until they received security that they would be paid; that Luff took them to the defendant's office and two orders there were written and were accepted by the defendant. These were the orders which were declared on in the first count of the declaration. The first directed the defendant to pay to one of the plaintiffs $200 "in the following order: One hundred fifty ($150) dollars out of my completion payment on my mortgages on Lot 18 Hull Street, Belmont, Massachusetts, and the balance of fifty ($50) dollars, out of the thirty-three (33) day after completion payment, on said mortgage, and charge the same to my account." The acceptance of the order by the defendant was in the following terms: "I accept the above order on the following conditions only: When Jacob Luff shall earn his completion pay-

ment on Lot 18 Hull Street, Waverley, mortgage, as per construction mortgage agreement I will pay M. Swartzman, the sum of One hundred fifty ($150) dollars. And when said Luff shall earn his 33 day after completion payment on said Lot, as per said agreement, I will pay M. Swartzman the balance of Fifty ($50) dollars."

The second order and its acceptance were in the same terms as the first, except that they referred to different houses and were for the sum of $500, of which $350 was to be paid from the "completion payment," and $150 out of the "thirty-three day after completion payment."

Other material evidence is described in the opinion.

At the close of the evidence the defendant asked for the following rulings:

"1. On all the evidence, the plaintiffs, or either of them, are not entitled to recover against the defendant.

"2. On all the evidence, the defendant is entitled to a verdict against the plaintiff Levin.

"3. The plaintiffs, or either of them, are not entitled to recover because the orders sued on were accepted upon certain conditions, and there is no evidence that said conditions were fulfilled.

"4. The plaintiffs are not entitled to recover because the acceptances of the orders were conditioned upon the buildings being completed and there is no evidence that said buildings were completed.

"5. The plaintiffs, or either of them, are not entitled to recover because the acceptances relied upon of the orders in suit were conditioned upon Jacob Luff's earning the completion payments in accordance with the construction mortgage agreement, and there is no evidence that said Luff earned said payment under said agreement.

"6. The plaintiffs, or either of them, are not entitled to recover on the second count of their declaration because it appears that they made a contract with one Jacob Luff to do the work in question and there were no contractual relations between the plaintiffs, or either of them, and the defendant, except such as may arise out of the acceptance of the orders dated December 18th, 1911."

The rulings were refused. The jury found for the plaintiffs

in the sum of $397.26; and the defendant alleged exceptions.

The case was submitted on briefs.

*D. Stoneman & G. M. Nay,* for the defendant.

*S. L. Bailen & F. Leveroni,* for the plaintiffs.

LORING, J.     The plaintiffs in this case, who were painters, had undertaken to do the work of painting involved in the construction of certain houses which were being erected by one Jacob Luff.   The defendant had agreed to advance money to Luff under a construction mortgage and had accepted orders from Luff for the payment of certain sums to the plaintiffs, payable at the completion payment and the thirty-third day after completion payment of some or all of the houses.   It is stated in the report that "about a week before the twelfth of February, 1912, the plaintiffs called at the office of the defendant to receive the balance due them on the first order, which was then overdue, and that the defendant told them that if they would wait another week and would in the meantime complete the double house, so called, thereby completing their entire work, they would receive their money."   Thereafter the plaintiffs, relying upon this promise, did complete their entire work and brought this action to recover from the defendant, first, on the ground that the money had become due under the defendant's acceptance of Luff's orders; and second, on the ground that there was an independent promise by the defendant to pay them the amount due for work in painting the houses in question.

There were six requests by the defendant for rulings which were, in effect, that the plaintiffs could not recover on either of the counts of his declaration.   These requests were refused by the Chief Justice.   The jury found a verdict for the plaintiffs and the case comes up on report.   The only questions before us are those covered by the defendant's exceptions to the refusal of the presiding judge to give the rulings asked for.

We are of opinion that no error was committed by the Chief Justice in refusing to give these rulings.

So far as the second count is concerned, it is plain that although Luff had not been discharged from his contract the promise of the defendant to pay the plaintiffs for their work if they would complete it was a good independent promise, founded on a valid consideration within the doctrine of *Abbott* v. *Doane,* 163

Mass. 433, and *Paul* v. *Wilbur*, 189 Mass. 48. See also in this connection *Vanuxem* v. *Burr*, 151 Mass. 386. Indeed the defendant himself testified that after he foreclosed his mortgages upon the houses he had paid out substantially $1,000 to complete them. If this testimony was believed it shows what was the situation under which he made his independent promise to the plaintiffs.

On the other hand there was evidence that all the work which Luff was to do on the premises was performed by Luff, except the construction of a granolithic walk, and one of the plaintiffs testified "that there was to be no granolithic walk by reason of a subsequent arrangement between Luff and the defendant."

We are of opinion that where an order is accepted to be paid when the contractor "shall earn his completion payment" on the building in question, the owner cannot set up in defense that the building was not fully completed if the only reason that the building was not fully completed was that he and the owner had agreed to dispense with the construction of a part of the building which was to have been constructed. The holder of the order in such a case is not in the position of the contractor. He does not have to show that the full contract price was earned. What he has to show is that the contractor earned his completion payment. When by reason of a subsequent agreement between the owner and the contractor the last payment is earned by a partial completion of the building to be constructed, the completion payment is earned within the meaning of this acceptance. Otherwise a subcontractor who had completed his work relying on the acceptance would be done out of his right to payment from the owner, not by fault of the contractor, but by the voluntary act of the owner.

It follows that judgment must be entered on the verdict; and it is

*So ordered.*