RUBIN GALLNER *vs.* WILLIAM W. BABCOCK COMPANY &
another.

SAME *vs.* SAME.

Suffolk.    November 8, 1920. — January 8, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract,* Performance and breach: waiver of condition precedent. *Waiver.*

At the trial of an action of contract by a painter upon an acceptance by the defendant, a mortgagee of a certain lot of land under a construction loan agreement, of an order by the owner to pay to the plaintiff, for work done on a building being constructed on the land, a certain portion of a payment to come due under the construction loan agreement when the building was "completed ready for occupancy," it appeared that the acceptance was conditional and was that the defendant would pay the plaintiff when the owner "shall earn" the specified "payment as per construction mortgage agreement" and that at the time when the action was brought the building was not "completed ready for occupancy." The plaintiff contended that the defendant had waived the condition in the acceptance and introduced evidence tending to show that the owner was a nominal title holder only and that, with the assent of the person in fact interested in the property, who acted as the owner's agent, the defendant had agreed orally with the plaintiff and another workman that, if they would make a certain deduction from their respective bills so that the house might be papered, the orders accepted would be paid as soon as the building was papered and that the other things necessary to be done to complete the building would "be taken off the rents," that the plaintiff and the other workman made the stipulated deductions and that the papering was done. *Held,* that findings were warranted that the terms of the order were modified by mutual agreement of all parties and that the condition precedent was waived.

TWO ACTIONS OF CONTRACT for $175 and $225, respectively, amounts alleged to be due to the plaintiff for painting done on a building toward the construction of which the defendant corporation (hereinafter called the defendant) was to advance money under the provisions of a construction loan mortgage, the plaintiff alleging that orders by the owner upon the defendant to pay said amounts to him from the eighth and ninth payments to be paid by the defendant to the owner under the construction loan agreement were accepted by the defendant, and that there had been a waiver by the defendant of a condition precedent stated

in the acceptance and described in the opinion. Writs dated July 15, 1918.

In the Superior Court the actions were tried together before *Lawton*, J.

The eighth payment to the owner was to be made by the defendant under the construction loan agreement when "the said building shall be completed ready for occupancy, granolithic walks in front and alongside entrances, grounds graded and covered with four inches of loam, sewer and gas connected, cellars cemented, all combination coal and gas ranges set up and connected properly, electric fixtures up and tested, shades hung, screens and screen doors hung and all painting and papering and varnishing completed;" and the ninth payment was to be made forty-three "days after the said building is completed, provided no mechanics' liens have been filed."

Other material evidence is described in the opinion. At the close of the evidence, the defendant made certain requests for rulings. Those not waived by the defendant are described in the opinion. The jury found for the plaintiff in both actions, the finding in the first action being in the sum of $182.87, and that in the second action being in the sum of $235.13. The defendant William W. Babcock Company alleged exceptions, the bill of exceptions in each case stating, "The court refused to give said instructions, except so far as the same were given in substance in his charge, and with the consent of the court the defendant duly excepted to such refusal except so far as the requested instructions were given in the charge and its exception was duly noted."

The case was submitted on briefs.

*S. Sigilman,* for the defendant William W. Babcock Company.

*A. A. Silton,* for the plaintiff.

CROSBY, J. The records show that one Mary Minchin was the owner of a certain lot of land upon which a building was in process of erection; that she gave to the defendant William W. Babcock Company a note for $7,500 secured by a mortgage on the lot, and also entered into a construction loan agreement with the defendant by the terms of which the latter was to advance $7,250 in nine payments, to complete the building in accordance with the agreement, which amount was secured by the mortgage.

The plaintiff, who painted the building, was given an order on the defendant by Minchin, dated May 9, 1918, which provided that $175 should be paid to the plaintiff out of the eighth payment, and $225 out of the ninth payment when those payments should become due under the construction agreement. This order was accepted by the defendant upon the following conditions: "When Mary Minchin shall earn her 8th payment as per construction mortgage agreement . . . we will pay the said R. Gallner the sum of One Hundred Seventy-five Dollars and when said Minchin shall earn her 9th payment . . . we will pay the said R. Gallner the sum of Two Hundred Twenty-five Dollars."

Before this order was given, the plaintiff had finished his work and there was due him $450. As the building was not completed in accordance with the construction agreement, the defendant refused to pay the plaintiff. But there was evidence that it agreed to do so if he and another workman (Vincent) would each deduct $50 from their respective bills, so that the house might be papered; that the plaintiff and Vincent agreed to such deductions, and that one Atlas, who was claimed to be the real owner of the building and agent of Minchin, assented to this arrangement and the order above referred to was given and accepted by the defendant; that a similar order was given to Vincent for the amount due him less $50, which also was accepted by the defendant; and a similar order for $100 was given to the paper hanger.

There was further evidence that after the order was prepared but before it was accepted by the plaintiff, he submitted it to his attorney and then returned to the defendant's office, and in the presence of Atlas, said to Babcock, the defendant's manager, that he (Babcock) should not find any fault afterwards and should not say "'We need something there to be finished' — to hold my money back, — screens, or screen doors or shades" and that Babcock replied, "Oh, as soon as the house is all papered you will get your money. The rent will take care of the screens;" that afterwards the paper hanging was finished, and the only work that then remained to be done to complete the building under the construction agreement, was to put in the shades, screens and screen doors. The plaintiff testified that after he came back to the defendant's office with the order he said to Babcock "When the papering is completed you will say something has to be done;"

that Babcock replied "Never mind something has to be done. The house has got to be papered, and you will get your money, and the little things that has got to be done is going to be taken off the rents." There was other evidence which tended to corroborate the testimony of the plaintiff respecting the above conversation.

The presiding judge correctly instructed the jury that the plaintiff could not recover on the order as originally drawn as the work under the construction agreement had not been fully performed; but he submitted to them the questions whether the terms of the order had been modified, and whether the conditional acceptance thereof by the defendant had been waived. We are of opinion that there was evidence for the jury on both questions. The parties could modify by a subsequent oral agreement the original contract or could waive its terms. *Bartlett* v. *Stanchfield,* 148 Mass. 394. *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187. *Gilman & Son, Inc.* v. *Turner Tanning Machinery Co.* 232 Mass. 573, 575. It is plain that the terms of the order as conditionally accepted by the defendant could be neither modified nor waived except with the consent of all the parties in interest.

As the verdicts were for the plaintiff, it is to be assumed that the jury found all the subsidiary facts necessary to support the general finding. There was evidence that Atlas was the real owner; that Mary Minchin was merely "a straw woman;" that Atlas was her agent authorized to bind her in assenting to any modification or waiver of the terms of the order, and to its acceptance; that he did so agree to the modification thereof and to a waiver of the conditional acceptance; that the plaintiff and the defendant also agreed to such modification and waiver, and that the change was made for a valuable consideration.

The defendant presented nine requests for rulings. The first, second, third and fifth are waived; those remaining, which in substance were to the effect that there was no evidence sufficient to warrant the jury in making the subsidiary findings above referred to and necessary to entitle the plaintiff to recover, could not have been given.

There is nothing in the objection of the plaintiff that the defendant's exceptions were not properly saved because none was taken to the charge. It appears from the bill of exceptions in

each case that the court refused to give the instructions requested except so far as they were given in substance in the charge, and the defendant excepted to such refusal except so far as the instructions requested were so given. The exceptions were properly saved. The defendant could not except to the charge as a whole, with which apparently it was satisfied, but (unless greater specification is required by the judge, *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 382, 383,) only so far as it was inconsistent with the requests or not covered by them. The issues raised presented questions of fact which were submitted to the jury with correct instructions.

In each case the entry must be

*Exceptions overruled.*