JOSEPH P. O'CONNELL *vs.* WILLIAM H. ROOT & another.

Suffolk. November 12, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Performance and breach. *Assignment.*

By the provisions of a contract in writing between the general contractor constructing a building and a subcontractor, the subcontractor was to perform certain work which the general contractor had agreed in writing with the owner to perform, and payments were to be made by the

contractor to the subcontractor on the fifteenth of each month of ninety-five per cent of the amount which had become due him as subcontractor on the first day of that month, the final amount to be paid forty-five days after he had finished the work; and if the subcontractor failed to perform his agreement, the general contractor was to complete his work and the cost of such undertaking was to be deducted from the amount which otherwise might be due to the subcontractor, who also agreed to pay all damages, if any, resulting from his breach of contract. To satisfy a claim by a material man against him, the subcontractor made to the material man an assignment of an amount which was then due to him but which the general contractor was entitled to hold in reserve until forty-five days after the completion of the work of the subcontractor, and the general contractor executed an instrument in which he "accepted" the assignment, "the said moneys to be payable" by him to the material man "out of the final payment due to said" subcontractor. This agreement continued: "And we agree to be responsible for the said amount at the expiration of said 45-day period no matter what the state of accounts between the said" subcontractor "and ourselves. The only exception to this acceptance is that we shall not be liable hereon if we shall not receive the moneys earned by us from time to time, and covering this 45-day payment, from . . . the owner of the real estate and with whom we have the general contract for the erection of the building." The subcontractor did not finish his subcontract, and the general contractor took it over. The cost of completing it exceeded the reserve amount described in the assignment. In an action by the material man against the general contractor upon the agreement of "acceptance," it was *held*, that, the subcontractor not having completed his contract with the defendant, there was nothing due under the defendant's agreement as to the assignment.

CONTRACT for $4,500, alleged to be due under the provisions of an assignment by Edward D. Walsh to the plaintiff of sums coming due under a contract between him and the defendants and an "acceptance" of the assignment by the defendants. Writ dated October 16, 1924.

In the Superior Court, the action was heard by *Lawton*, J., without a jury. Material evidence is described in the opinion. The judge refused to rule that on the whole evidence the plaintiff was not entitled to recover, found for the plaintiff in the sum of $4,635, and reported the action to this court for determination.

*F. N. Nay*, for the defendants.

*F. L. Norton*, for the plaintiff.

SANDERSON, J. In this action the plaintiff seeks to recover $4,500, alleged to be due him by virtue of an assign-

ment and acceptance. The defendants had the general contract for the erection of the Park Square Building in Boston, according to certain plans and specifications. In June, 1922, they entered into a subcontract with one Edward D. Walsh to do the plastering and similar work upon the building according to the architects' plans and specifications for $92,420, with a provision for additional payments for extras. This contract as modified provided that the defendants should pay Walsh on the fifteenth of each month ninety-five per cent of the amount due him as subcontractor on the first day of that month, the final amount to be paid forty-five days after he had finished the work.

The plaintiff, a dealer in masons' and plasterers' supplies, furnished Walsh with material for use in the building to the amount of $18,213.55, which sum, together with other amounts, was due and payable July 1, 1923. At this time the total amount earned by Walsh was about $80,000 on his main contract and about $10,000 on extras, five per cent of which, or about $4,500, the defendants were entitled to hold in reserve until forty-five days after the completion of the Walsh contract. The plaintiff, on July 10, 1923, brought an action against Walsh, summoning the defendants as trustees. The defendants' refusal to pay any money to Walsh until the trustee process should be discharged, and the desire of Walsh to have the case disposed of so that he could go on with his contract, led to a conference of the interested parties on July 16, 1923, which resulted in the execution of the assignment and acceptance hereinafter set forth, the discontinuance of the action, the payment by the defendants to Walsh of the balance due under his contract for June, and the resumption by him of work on the building.

The assignment to the plaintiff was in the following terms: "KNOW ALL MEN BY THESE PRESENTS that I, Edward D. Walsh of Boston in the County of Suffolk and Commonwealth of Massachusetts for good consideration do hereby set over, transfer and assign to J. P. O'CONNELL of said Boston, doing business under the style of J. P. O'Connell & Company, the sum of Forty-five Hundred (4500) Dollars of moneys due and to become due to me from William H.

Root and Kenneth D. McCutcheon, co-partners doing business in Boston under the style of W. A. & H. A. Root, on the original contract entered into by the said W. A. & H. A. Root and myself. Witness my hand and seal this sixteenth day of July, 1923. Signed Edward D. Walsh (Seal)." The defendants then executed the following acceptance: "The foregoing assignment of $4500 is hereby accepted by the undersigned, the said moneys to be payable by us to the said J. P. O'Connell out of the final payment due to said Walsh 45 days after the completion of his original written contract above referred to. And we agree to be responsible for the said amount at the expiration of said 45-day period no matter what the state of accounts between the said Walsh and ourselves. The only exception to this acceptance is that we shall not be liable hereon if we shall not receive the moneys earned by us from time to time, and covering this 45-day payment, from the Park Square Building Company, the owner of the real estate and with whom we have the general contract for the erection of the building. Witness our hand and seal the day and year first above written. [Signed] W. A. & H. A. Root K. D. McCutcheon (SEAL)."

On July 20, Walsh delivered to the defendants' attorney written notice of abandonment of his contract, leaving them to their remedies. The work which Walsh had agreed to do was thereafter prosecuted to completion by the defendants without the intervention of any subcontractor. The cost of finishing this work exceeded the balance of the contract price plus the amount of the reserve fund of $4,500. All money due the defendants from the owners under the general contract has been paid. More than forty-five days after all the plastering and similar work on the building was finished, the plaintiff made formal demand upon the defendants for payment of $4,500, alleged to be due under the assignment and acceptance. Upon the defendants' denial of liability and refusal to pay, this action was brought. The case was heard in the Superior Court by a judge without a jury, who, after refusing to rule as requested by defendants that, on all the evidence the plaintiff was not entitled to

recover, found for the plaintiff in the sum of $4,500 with interest, and, at the request of defendants, reported the case.

The contention of the plaintiff is that the Walsh contract was completed by the defendants, and after the lapse of forty-five days their liability to the plaintiff for $4,500 became fixed. The defendants' contention is that the Walsh contract was never completed and they owe the plaintiff nothing. The work to be done under the subcontract of Walsh was the same as that required to be done by the defendants as a part of their general contract; and one of the terms of the Walsh contract made provision for the completion of the work by the defendants in case of failure on Walsh's part to perform his agreement, with further provision for the deduction of the cost of that undertaking from the amount which otherwise might be due to Walsh; and Walsh also agreed to pay all damages, if any, for breach of contract by him. In finishing the work after Walsh abandoned his contract, the defendants were fulfilling their obligations under their contract with the owner, and not completing a contract which Walsh had terminated by abandonment. The references to the completion of the Walsh contract, in the correspondence between the plaintiff and the defendants, cannot change the plain meaning of the terms of the agreement. The defendants were finishing the work Walsh had agreed to do for them. The parties, in referring to the completion of the contract in the acceptance, contemplated that it would be performed by Walsh or somebody in his behalf who would be bound by the obligation of that contract. They could not have intended that if Walsh should abandon the contract it would be completed as a contract by the defendants in case they did the work which Walsh should have done.

The assignment to the plaintiff by Walsh was of moneys due and to become due to him from the defendants, and in the terms of the acceptance the sum of $4,500 was payable out of the final payment due to Walsh forty-five days after the completion of his written contract. As it was terminated by Walsh without the defendants' fault, the time for making that payment never arrived.

The clause of the acceptance relating to the state of accounts between the defendants and Walsh has reference to those accounts upon a completed contract, and not to a possible liability of Walsh in damages for his failure to perform. The defence is not now based upon the state of the accounts, but upon the fact that the contract was not completed. If Walsh had fulfilled his agreement, the defendants could not have disputed their liability for the payment of the $4,500, even if they then owed him nothing.

The finding for the plaintiff was not warranted, and in accordance with the terms of the report judgment is to be entered for the defendants.

*So ordered.*