ALPHONSE M. JOLY *vs.* E. HAROLD STONEMAN & another.

Essex.    March 31, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Order. Contract,* Construction, Performance and breach, Waiver. *Waiver. Mortgage,* Of real estate: construction loan mortgage. *Assignment.*

A construction loan mortgage, covering land upon which the owner proposed to build several houses, contained provisions that the last instalment payment thereunder should not be made by the mortgagee to the owner until forty-one days after the completion of the houses, and that "in case of a foreclosure all right to any payments which shall not have been made shall absolutely cease and be ended." In July the owner signed an order directing the mortgagee to pay a certain sum to the order of one with whom the owner had a construction contract, and to "deduct same from the mortgage . . . [loan]. This amount is to be deducted from the last payment." The order was accepted by the mortgagee. In September, when the mortgagee had paid out a part of the mortgage loan and when a substantial portion of the work of construction remained to be done, the mortgagee refused to advance any more money under the mortgage, but gave the owner an opportunity either to dispose of the houses or to secure permanent loans thereon and to pay the mortgage.

The owner thereafter disposed of five houses; and the mortgagee gave partial releases of the mortgage therefor, received payment of the amounts loaned thereon, and, in addition, received certain other sums from the owner which he distributed to creditors of the owner, including the contractor. The contractor thereby was paid a part of the sum required by the order. In January, the mortgagee commenced foreclosure proceedings upon the remaining houses, which were sold at foreclosure sales in February and March. None of the houses was completed. The contractor received none of the money represented by the mortgages and nothing from the foreclosure sales. He thereafter brought an action against the mortgagee to recover the balance of the sum mentioned in the order. *Held,* that

(1) By accepting the order, the defendant did not agree unconditionally to pay that sum to the plaintiff, but merely agreed to pay the plaintiff out of what would otherwise have become due to the owner as the last instalment on each house;

(2) The owner, not having completed the houses, had not become entitled to receive the last instalment from the defendant;

(3) Furthermore, the owner's right to payments from the defendant ceased after the foreclosure;

(4) As assignee, the plaintiff had no greater rights against the defendant than had the owner;

(5) The circumstances, that the owner was allowed to dispose of some of the houses and that the defendant executed partial releases of the mortgage for that purpose, did not warrant a finding that the defendant had waived the requirement of his contract with the owner relating to the completion of the houses;

(6) The plaintiff could not recover.

CONTRACT. Writ dated March 17, 1927.

Material evidence at the trial in the Superior Court before *Qua, J.,* is stated in the opinion. The judge denied a motion by the plaintiff that a verdict be ordered in his favor, and ordered a verdict for the defendants on both counts of the declaration. The plaintiff alleged exceptions to the denial of his motion and as to the ordering of the verdict on the first count only.

*G. C. Richards, for the plaintiff.*

*J. W. Sullivan & J. L. Doyle,* for the defendants, submitted a brief.

CROSBY, J. This is an action of contract on a written order in favor of the plaintiff from The Homebuilders, Incorporated to the defendants which was accepted by them. The declaration is in two counts. The case is before this court on the first count only, since, on motion of the

defendants, to the allowance of which the plaintiff did not except, there was a directed verdict for the defendants on the second count.

The first count alleges that the defendants accepted a written order* drawn on them by The Homebuilders, Incorporated in favor of the plaintiff upon which the defendants owe the plaintiff $1,384.50. At the conclusion of the evidence the plaintiff filed a motion that a verdict be directed in his favor, which was denied subject to his exception. The defendants at the close of the evidence filed a motion for the direction of a verdict in their favor; this was allowed subject to the plaintiff's exception. The case is before us on these two exceptions.

It appears from the bill of exceptions that in July, 1926, the plaintiff entered into a contract with The Homebuilders, Incorporated, a corporation, to furnish standing finish, cabinet work, and stairs for eleven houses, which the corporation was then erecting on its land, for the price of $2,769. The defendants were construction mortgagees, and it was admitted by them at the trial that the plaintiff had delivered to The Homebuilders, Incorporated all of the material called for by his contract and to the amount claimed by him, and in accordance with the terms of the contract. The

---

*AMESBURY, MASSACHUSETTS
69 Congress Street
July 29, 1926

E. HAROLD STONEMAN & CLARA BALTER
31 Milk Street
Boston, Massachusetts

GENTLEMEN:

Pay to the order of A. M. Joly of Salem, Mass., two thousand seven hundred sixty-nine dollars ($2769.00) and deduct same from the mortgage loans on our property at Amesbury, Mass. This amount is to be deducted from the last payment.

Yours very truly,
HOMEBUILDERS, INC.,
Wm. J. Mattson　　　*Pres.*
WJM/N　　　　　　　　　　S. J. Benoit　　　　*Treas.*

E. Harold Stoneman & Clara Balter do hereby accept this order.
E. HAROLD STONEMAN
CLARA BALTER
by E. H. Stoneman

plaintiff received from the defendants $1,384.50 in four checks. A written agreement in the form of a construction mortgage between the defendants and The Homebuilders, Incorporated was in force when the order was accepted and is embodied in the bill of exceptions.

The defendants held two construction mortgages on the lots of The Homebuilders, Incorporated. These mortgages and the two mortgage notes described in them respectively were admitted in evidence. Each mortgage was for $18,000 payable in six months from date, with interest at the rate of one per cent per month payable semiannually. The first mortgage is dated May 28, 1926, and is upon lots numbered four, six, eight, thirteen and fifteen; the second mortgage is dated June 19, 1926, and covers lots numbered three, seven, fourteen, sixteen and seventeen. A house was to be erected on each of the lots; the work of constructing the houses progressed relatively equally, and according to the contract, during the time of the first four payments provided for in the mortgage agreements, and these four payments were made by the mortgagees as they became due under the contract on all of the ten houses, and other money was advanced on some of the houses beyond the fourth payment, but not to the amount of the fifth payment. The defendants paid out on the mortgages a total of $27,622. In September, 1926, none of the houses had been completed: there remained to be done the installation of electric fixtures and some of the radiators, the placing of certain hardware and doors, most of the papering and painting, and all of the grading and walks. The rest of the work had been finished. The defendants refused to advance any more money on the mortgages, but The Homebuilders, Incorporated was given the opportunity either to dispose of the houses, or to secure permanent loans thereon and to pay off the mortgages held by the defendants. The mortgagees advanced no money thereafter except for expenses.

In November, 1926, before the maturity of the mortgages, the mortgagor sold or secured permanent mortgages on three of the houses. The defendants executed partial

releases of these houses and received payment for the amount they had advanced on them with interest and legal charges in connection therewith. In addition the defendants received from the mortgagor out of these transactions money which they distributed to certain creditors of the mortgagor, including the plaintiff, as requested by The Homebuilders, Incorporated. On January 17, 1927, the defendants began foreclosure proceedings upon the seven remaining houses, but before a sale was made thereunder they executed partial releases of two of these houses, which were disposed of by The Homebuilders, Incorporated and the defendants received the amount of their advancements on these two houses with interest and charges; in addition they received other money from The Homebuilders, Incorporated which was paid at its request by the defendants to certain creditors including the plaintiff. The defendants never paid to the plaintiff any of the money represented by the mortgages, but paid to him only such sums as were turned over to them for the purpose by The Homebuilders, Incorporated out of sales and permanent mortgage transactions. The plaintiff received nothing from the foreclosure sales. After further foreclosure proceedings instituted by the defendants, and postponements thereunder, the other five houses were sold at two sales, one in February and one in March, 1927, and the defendants received from these sales $16,595. Two of the houses were bid in for the mortgagees and resold by them. None of the houses was completed in accordance with the terms of the agreement between the defendants and The Homebuilders, Incorporated.

The order accepted by the defendants recited that the sum named therein was to be deducted from the last payment. The defendants by their acceptance of the order did not agree unconditionally to pay said sum. It was a promise by the defendants to pay the plaintiff what would otherwise become due to The Homebuilders, Incorporated from the last instalment on each house. · The plaintiff as an assignee could have no greater right against the defendants than his assignor had. According to the terms of the contract be-

tween the defendants and The Homebuilders, Incorporated
the last payment was not to become due and payable until
forty-one days after the completion of the houses. There
was no evidence to show that any of the houses were fin-
ished, but on the contrary the record shows that none of
them was completed as called for by the contract. Ac-
cordingly, as The Homebuilders, Incorporated had not per-
formed its contract with the defendants, it never became
entitled to the last payment which would be due under
the contract between the parties. It follows that the
plaintiff is not entitled to recover upon the order, and the
trial judge rightly directed a verdict for the defendants.
*O'Connell* v. *Root,* 254 Mass. 218. Apart from the provision
in the order that the sum named therein was to be deducted
from the last payment, the building contract provided that
"in case of a foreclosure all right to any of the payments
which shall not have been made shall absolutely cease and
be ended." As there was a foreclosure, it follows that The
Homebuilders, Incorporated was not entitled to any pay-
ment after that time. Obviously it is not entitled to the
last payment which at the time of foreclosure had not be-
come due.

It is the contention of the plaintiff that the defendants
waived the provisions of the contract between themselves
and The Homebuilders, Incorporated, and that the plaintiff
was not obliged to prove that the last payment ever became
due. There is nothing in the record, however, to show that
the defendants ever waived any provision of their contract,
where it was agreed that they were to advance the sum of
$18,000 "provided all the terms of this contract are com-
plied with on the part of said mortgagor." The placing of
permanent mortgages upon the houses by the mortgagor
and the execution of partial releases by the defendants
could not be found to be a waiver by them that the houses
were to be built and completed in accordance with the terms
of the contract. The cases of *Shepard* v. *Abbott,* 179 Mass.
300, *Swartzman* v. *Babcock,* 218 Mass. 334, and *Gallner* v.
*William W. Babcock Co.* 237 Mass. 265, are distinguishable
in their facts from the case at bar.

There was no error in denying the plaintiff's motion for a directed verdict, or in the allowance of the defendants' motion that a verdict be directed in their favor.

*Exceptions overruled.*