EPHRAIM ROTHENBERG *vs.* NEWTON MORTGAGE CORPORATION.

Middlesex.   November 7, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* Implied. *Practice, Civil,* Findings by trial judge. *Order. Mortgage,* Of real estate: construction loan mortgage. *Payment. Waiver.*

In an action in a district court by a contractor upon a *quantum meruit* for labor and materials, the determination of the question, whether work was done and labor and materials furnished by the plaintiff upon an agreement by the defendant to pay for them, was a matter of fact;

and a finding for the defendant, supported by the evidence, was not open to review by an appellate division or by this court.

The owner of a building under construction executed an order to one holding a construction mortgage thereon to pay a certain sum to a contractor from the "completion payment of my construction loan." The order was accepted by the mortgagee conditional on the building's reaching the "stage required by the construction agreement," and the acceptance stipulated that a discharge of the mortgage or failure to fulfill the requirements of the construction mortgage agreement should release the mortgagee from liability on the order. At the trial of an action in a district court by the contractor against the mortgagee upon the order, there was evidence that the owner did not complete the building nor become entitled to the "completion payment"; that the building was completed by the defendant after foreclosure of the mortgage; and that the defendant had paid the plaintiff a part of the sum specified in the order. The trial judge found for the defendant. *Held,* that

(1) The order did not become payable upon the completion of the building by a person other than the owner; and the plaintiff was not entitled to recover by reason of its completion by the defendant;

(2) The payment to the plaintiff did not require a finding that the defendant had waived the noncompletion of the building by the owner, or that the defendant thereby became bound to pay the balance;

(3) No error appeared.

CONTRACT. Writ in the District Court of Newton dated January 6, 1930. The order mentioned in the opinion was as follows:

## NEWTON MORTGAGE CORPORATION

### CONSTRUCTION LOAN ORDER

Gentlemen:

Please pay to E. Rothenberg & Company the sum of $800.00 Dollars, and charge the same to the completion payment of my construction loan on rear part of Washington Bldg., special loan of $15,000.

AETNA INVESTMENT CORP.

By FRANCIS J. FAUCHER, *President.*

E. Rothenberg. Received on account $500. July 24, 1928.

The Newton Mortgage Corporation hereby agrees that when the construction of the building referred to above has reached the stage required by the construction agreement, it will pay the money in accordance with the above order. The discharge of the mortgage, or failure to fulfill

the requirements of the construction mortgage agreement shall automatically release the Newton Mortgage Corporation from any performance on account of or under this order. The entire performance of the Newton Mortgage Corporation in this transaction is stated hereon.

NEWTON MORTGAGE CORPORATION.

By W. MARK NOBLE, JR., *Treasurer.*

The declaration, and other material evidence at the trial in the District Court are described in the opinion. The trial judge found for the defendant and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed, and the plaintiff appealed.

*S. I. Jacobs,* for the plaintiff.

*W. M. Noble,* for the defendant.

WAIT, J. This case is before us upon an appeal by the plaintiff from the order of an appellate division dismissing a report from the decision of a trial judge who refused the plaintiff's requests for instructions and found for the defendant. The plaintiff waived the first count of his declaration. He relied on a count upon a *quantum meruit,* and a count claiming a balance due upon an order accepted by the defendant. No new question of law is presented. The determination of the question, whether work was done and labor and materials furnished by the plaintiff upon an agreement by the defendant to pay for them, was matter of fact. There was evidence which would support the finding. Consequently neither the Appellate Division upon report nor this court on appeal can disturb it. The decision of the trial judge is final. *Saunders* v. *Smith Granite Co.* 232 Mass. 1.

The order accepted by the defendant was conditional on the construction of the building upon which the plaintiff's work was done reaching the "stage required by the construction agreement"; and "The discharge of the mortgage, or failure to fulfill the requirements of the construction mortgage agreement shall automatically release the Newton Mortgage Corporation from any performance on account of or under this order." There was evidence .

that the owner never completed the building or became entitled to the payment referred to in the order. The building was, in fact, completed by the construction mortgagee, the defendant, after the foreclosure of its mortgage, and after failure by the contracting owner to fulfill its requirements. There is no merit in the plaintiff's contention that his order became due and payable on the completion of the building by anyone other than the contracting owner. The matter is decided, in principle, by *O'Connell* v. *Root*, 254 Mass. 218. No circumstances were established by the evidence which make the decisions in *Russell* v. *Barry*, 115 Mass. 300, and *Swartzman* v. *Babcock*, 218 Mass. 334, cited by the plaintiff, applicable here.

No evidence required the trial judge to find, as matter of law, that the payment actually made upon the order was anything other than a voluntary accommodation to the plaintiff; or that it amounted to a waiver of the defendant's defences, and, in any way, bound it to payment of the balance.

The requests denied were based upon contentions already dealt with; or involved findings of fact which the trial judge neither made nor was bound to make upon the evidence. No error appears.

*Order dismissing report affirmed.*