ARTHUR WILLIAMS, trustee in bankruptcy, *vs.* WHITINS-
VILLE SAVINGS BANK.

Suffolk.   December 9, 1932. — June 26, 1933.

Present: CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Mortgage,* Of real estate: construction loan mortgage. *Contract,* Per-
formance and breach. *Practice, Civil,* Ordering verdict, Opening state-
ment to jury. *Bankruptcy.*

A construction loan mortgage upon land required the mortgagee to
advance the amount of the loan in instalments as a building on the
land reached various stages of construction. The mortgagor there-
after gave a second mortgage. Subsequently the second mortgage
was foreclosed and the property was sold to a stranger, subject to
the first mortgage, at a time when the first mortgagee had advanced
to the mortgagor part of the total loan under the first mortgage, but
had not advanced the remainder because the mortgagor had not
finished construction of the building and, having become bankrupt,
had stopped work thereon. The purchaser at the foreclosure sale
thereafter completed the building and arranged with the first mort-
gagee that the first mortgage should be discharged and that the pur-
chaser should give the mortgagee a new mortgage for the same sum,
the mortgagee taking credit for the amount previously advanced
under the old mortgage and advancing to the purchaser the remainder
of the total sum. In an action by the trustee in bankruptcy of the
original mortgagor against the first mortgagee, the plaintiff sought to
recover the remainder of the loan under the old mortgage which the
mortgagee had not paid to the bankrupt but had advanced to the
purchaser under the new arrangement with him. *Held,* that
   (1) After the failure of the bankrupt to complete the construction
of the building and by reason of his having stopped work thereon, the
defendant was under no obligation to advance to him further instal-
ments of the loan under the old mortgage;
   (2) The completion of the building by the purchaser at the fore-
closure sale created no obligation on the part of the defendant to
advance the remainder of that loan to the bankrupt;
   (3) The defendant was left free to make such new arrangements as
he saw fit with the purchaser;
   (4) The plaintiff as trustee in bankruptcy had no greater rights
against the defendant than had the bankrupt;
   (5) The plaintiff could not recover.

If an opening statement by counsel for the plaintiff at the trial of an action fairly states the evidence which he expects to present and such expected evidence fails to disclose liability on the part of the defendant, the trial judge properly may order a verdict for the defendant at the close of the opening statement.

CONTRACT OR TORT.    Writ dated December 26, 1928.

The action came on for trial in the Superior Court before *Broadhurst*, J.    The judge ordered a verdict for the defendant at the close of the plaintiff's opening statement to the jury.    Material portions of the opening statement are stated in the opinion.    The plaintiff alleged an exception.

*A. Williams*, for the plaintiff.

*H. W. Brown*, for the defendant, submitted a brief.

CROSBY, J.    This is an action of contract or tort in which the plaintiff seeks to recover $3,000, the balance unpaid and remaining to be advanced by the defendant on a mortgage note, or for damages in that amount for having alienated or released the real estate held as security therefor, for less than the face of the note.    The defendant's answer is a general denial.    The case was called for trial and a jury was empanelled.    The trial judge on motion of the defendant directed a verdict in its favor at the close of the plaintiff's opening statement to the jury.    To this direction the plaintiff excepted.    One Roscoe, a builder, borrowed money from the defendant on a construction loan mortgage in 1927.    It was agreed that the bank was to advance $11,000, the total amount of the loan payable in instalments as the building reached various stages of completion, and $8,000 was so advanced under this agreement.    Roscoe, after the first mortgage was given to the defendant bank, placed a second mortgage on the property to a third person for $1,500.    During the construction of the building the second mortgagee foreclosed his mortgage.    The notice of foreclosure sale recited that the property would be sold subject to the first mortgage of $11,000.    At the time of the foreclosure sale the house was not completed and the builder, who in the meantime became bankrupt, was in default.    There were two instalments to be paid by the first mortgagee but those instalments were not paid because

the builder had stopped work on the house. The property was sold at the foreclosure sale under the second mortgage for $1,500 to a purchaser who was not the owner, mortgagor, or any one connected with the bank or with the second mortgagee. This purchaser, having completed the building, made the following arrangement with the bank: the bank discharged the first mortgage and took a new mortgage from the purchaser for $11,000, crediting the $8,000, previously advanced to Roscoe, and advancing to the purchaser the sum of $3,000. The plaintiff, as trustee in bankruptcy of the estate of Roscoe, seeks in this action to recover from the defendant the difference between the first mortgage of $11,000 and $8,000 actually advanced to Roscoe under the construction loan agreement, contending that upon completion of the building the bank was obliged to pay that difference of $3,000 to him.

In the colloquy at the bench during which the plaintiff stated his case to the court, it was admitted by the plaintiff that when Roscoe was adjudged bankrupt he had ceased work on the building and left it uncompleted. In these circumstances, as Roscoe failed to complete performance of the conditional loan agreement, the defendant was under no obligation to make further advances to him, and as the plaintiff as trustee has no greater rights than his bankrupt at the time of the adjudication, the defendant was not required to make any advances to him. *Bennett* v. *Aetna Ins. Co.* 201 Mass. 554, 556. The law was the same under the insolvency laws of this Commonwealth. *Pratt* v. *Wheeler,* 6 Gray, 520.

The completion of the building by some one other than the owner created no such obligation on the part of the bank as contended for by the plaintiff. *O'Connell* v. *Root,* 254 Mass. 218. *Joly* v. *Stoneman,* 271 Mass. 352, 356, 357. *Rothenberg* v. *Newton Mortgage Corp.* 273 Mass. 399. The case of *Cox* v. *Hoxie,* 115 Mass. 120, cited and relied on by the plaintiff, is distinguishable in its facts from the present case. There it was decided that where a mortgage was given as security for a loan of $2,560 and an agreement to advance a further sum on certain conditions, the mortgage

could not be redeemed by payment of the amount actually lent so long as the liability under the agreement to make further advances existed. In the case at bar, in view of the facts shown, no such obligation rests upon the defendant. Accordingly, the defendant could make any arrangement which it saw fit to make with the purchaser of the equity of redemption at the foreclosure sale under the second mortgage.

It follows that the direction of the verdict for the defendant upon the statement of the plaintiff made to the judge and jury of the evidence which he expected to present was proper. The statement of expected evidence failed to show any legal liability on the part of the defendant. It was said in *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, at page 482: ". . . there is no fundamental objection to a ruling of law made upon a fair statement of what the evidence is expected to be. In reason there is no distinction between a rule of this nature and the well recognized practice of this court in appropriate cases of permitting a ruling to be made on the footing that on the opening statement of counsel to the jury no case is shown in law." As a verdict was rightly directed for the defendant in accordance with its motion, the entry must be

*Exceptions overruled.*