LOUISA J. LANE *vs.* VICTOR EPINARD, executor.

Worcester.    September 25, 1945. — November 5, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Contract*, What constitutes, Of employment, Performance and breach. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Ordering verdict; Exceptions: whether error shown, general exception. *Error*, Whether error shown.

A finding, that a contract was made between a plaintiff and the defendant's testate for employment of the plaintiff as housekeeper of the decedent in place of a housekeeper whom he agreed to discharge "in two weeks," was warranted where testimony of the plaintiff, which was the only evidence bearing on the issue of the existence of the contract, although it was in many respects inconsistent and conflicting

on that issue, in one aspect warranted such a finding; and a further finding was warranted that the decedent broke such contract by failing to discharge the housekeeper and to put the plaintiff to work.

A motion, at the trial of an action of contract, that a verdict be ordered for the defendant properly was denied where the evidence warranted a finding of the existence of the contract and of its breach.

An exception to the exclusion of certain letters was overruled where the contents of the letters were not set forth in the bill of exceptions.

A general exception to a charge to a jury was overruled where the bill of exceptions did not show that any particular statement or ruling in the charge was intended to be excepted to or that the judge's attention had been directed to anything which he had said to the jury and which the excepting party contended was error.

CONTRACT. Writ in the Superior Court dated January 29, 1941.

The case was tried before *Donnelly,* J.

*F. P. McKeon,* for the defendant.

*P. L. Hinckley,* for the plaintiff.

RONAN, J. In this action of contract the jury found for the plaintiff in the sum of $750 upon the first count of the declaration for an alleged breach of a contract of employment, and returned a verdict for the defendant upon the second count of the declaration for money alleged to have been lent by the plaintiff to the defendant's testate. The case is here upon exceptions of both parties.

The single exception of the defendant is to the refusal of the judge to grant a motion for a directed verdict. This motion is not based upon the pleadings. There is no error in its denial, unless there is evidence by which the plaintiff is bound and such evidence makes the rendition of a verdict for her impossible as matter of law, or unless the evidence, construed most favorably in her favor, is insufficient to make out a case. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433. *Holton* v. *Shepard,* 291 Mass. 513, 515. *Reardon Importing Co.* v. *Security Trust Co. ante,* 304, 307.

The testimony of the plaintiff is the only evidence tending to show the existence of an oral contract of employment between herself and the decedent. She is, therefore, bound by her testimony. *Head* v. *Morton,* 302 Mass. 273, 276. *Noble* v. *Greenbaum,* 311 Mass. 722, 725. She testified that the matter of her employment as a housekeeper by the

decedent was discussed in fifteen conversations between them; that the decedent had a housekeeper with whom he had become dissatisfied and hoped that she would quit her employment as he was reluctant to discharge her; that he offered to hire the plaintiff as housekeeper and to pay her $25 a week together with board and room; that she was to go to work when the old housekeeper quit; and that she accepted his offer, moved her residence to Worcester as the decedent had suggested, and held herself in readiness to commence her duties as soon as she learned from the decedent that his housekeeper had left him; but that the decedent's housekeeper did not quit her employment, the decedent did not discharge her, and the plaintiff never went to work for him. The defendant contends that, if there were any contract of employment, it was one that was to become operative only when the old housekeeper should leave her employment, and that there was no breach of this contract because this never occurred. This contention of the defendant would be sound if the evidence would justify no other conclusion than that the terms and provisions of the contract were those assumed in this contention. *Potter* v. *Crocker*, 248 Mass. 327. *Six Little Tailors, Inc.* v. *Old South Trust Co.* 260 Mass. 41, 44. *Joly* v. *Stoneman*, 271 Mass. 352. *Williams* v. *Whitinsville Savings Bank*, 283 Mass. 297. *Applegate* v. *Nager*, 287 Mass. 188.

The plaintiff's testimony is contradictory in many respects and is inconsistent in reference to material aspects of her case. While she testified that the decedent never agreed to discharge his housekeeper, she also testified that, during a conversation with him, he agreed to discharge the housekeeper in two weeks and to "give the plaintiff her job in two weeks." The jury saw and heard the plaintiff testify. They could accept such portions of her testimony as they deemed worthy of credence. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 207. *O'Brien* v. *Harvard Restaurant & Liquor Co. Inc.* 310 Mass. 491. This testimony, together with the other evidence disclosed by the various conversations, was sufficient to justify a finding

that the parties had entered into a contract of employment which the decedent had broken by failing to discharge his housekeeper and then to put the plaintiff to work. *White* v. *Snell,* 5 Pick. 425. *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417. *McDonough* v. *Almy,* 218 Mass. 409. *Frati* v. *Jannini,* 226 Mass. 430. *Gosline* v. *Prince Macaroni Manuf. Co.* 241 Mass. 550. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49. *Wolbarsht* v. *Donnelly,* 302 Mass. 568. Am. Law Inst. Restatement: Contracts, § 269.

The defendant finally contends that, if the evidence was sufficient to establish a contract of employment, the contract was terminable at the will of the decedent and the decedent would not be responsible if he repudiated the contract before the time for performance arrived, and that consequently the motion for a directed verdict ought to have been granted. It is true that the contract did not in terms provide a fixed period of employment, but, at any rate, the jury could find that the parties intended that the employment should last at least for a period of a week. *Nichols* v. *Coolahan,* 10 Met. 449. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1. *Tubbs* v. *Cummings Co.* 200 Mass. 555, 558. *Frati* v. *Jannini,* 226 Mass. 430. *Babikian* v. *Brown,* 293 Mass. 195, 199. *Fenton* v. *Federal Street Building Trust,* 310 Mass. 609, 612. The period of employment was material in the assessment of damages. The motion, however, did not raise any question as to damages. The contract having been established and a breach having been proved, the plaintiff in any event was entitled to nominal damages, *Todd* v. *Keene,* 167 Mass. 157; *McNulty* v. *Whitney,* 273 Mass. 494, 504; *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, and, the plaintiff being entitled to damages, the motion to direct a verdict was properly denied. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563.

The plaintiff excepted to the exclusion of certain letters and purported to except to the charge. Copies of the letters were not included in the record. The failure of the plaintiff to set forth their contents precludes us from deciding whether

the plaintiff was harmed by the refusal of the judge to permit them to be introduced in evidence. *Magnolia Metal Co.* v. *Gale*, 191 Mass. 487. *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537. *Posell* v. *Herscovitz*, 237 Mass. 513, 515–516. *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge*, 285 Mass. 146, 149.

In reference to the remaining exception of the plaintiff the record merely states that she excepted to the charge. There is no specification as to what part of the charge is excepted to, and there is nothing to show what particular statement or ruling contained in the charge was intended to be made the subject matter of an exception. Neither is there anything to indicate that the judge's attention was directed to anything which he said to the jury and which the plaintiff contended constituted error. A general exception like the present to a charge cannot be sustained. *Boston Conservatory of Music, Inc.* v. *Dulfer*, 256 Mass. 262, 266. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 150–151. *Geary* v. *Blomerth*, 309 Mass. 91, 96. *Graustein* v. *Boston & Maine Railroad*, 317 Mass. 164, 167.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*