*Southern District*

## BURTON L. TAYLOR
### d/b/a Taylor Lumber Co.
### v.
## GEORGE M. TURNER et al

*Cox, J.* This is an action of contract to recover $584.57 for lumber and other building materials sold and delivered.

The facts do not appear to be in dispute. The defendants entered into a contract with one Ford to build their house in the Town of Marshfield. Ford ordered from the plaintiff the lumber and other building materials called for in the building contract. The plaintiff declined Ford's order unless he should receive assurance of payment. The plaintiff prepared under his letterhead and presented to Ford the following form of order:

"Tel. Marshfield 86-W

TAYLOR LUMBER CO.

Wood Working and Building Supplies

Ocean Street — Marshfield, Mass.

Figure on stock list submitted by Fred Ford

for the Taylor Lumber Co.
Marshfield
Authorizing Campello Co-operative Bank
of Brockton
To pay direct to the Taylor Lumber Company of
Marshfield, Mass., from the loan granted for this
job, as follows:

From First Payment 500
       " Second  "    500
       " Third   "    500
       " Final    "    Bal

Any extra Materials, not included on stock list
submitted, furnished for this job, will be billed extra.

                Signature of Assignee,
                Name George M. Turner
                Address 8 Northam Park
                Name Louise K. Turner
                Address 8 Northam Park,
                Dorchester 24, Mass.

Date 6/12/50
Witness Fred Ford"

There was evidence that the defendants signed the order in blank and that it was completed thereafter by someone who is unidentified in the report. However, no issue is made of this point and it therefore need not be considered beyond observing that it could have been found to have been ratified by the defendants. The signed order was delivered to the plaintiff by Ford. Thereafter, the plaintiff delivered the lumber and other building materials which all went into the construction of the defendants' house. No complaint appears to have been made as to the price, quantity or quality of the materials.

The plaintiff received three payments from the proceeds of the bank loan and is owed a balance of $584.57 including $84.57 for "extra" materials, not included in the original list but which were used in the building. A fourth payment from the bank in the form of a check for $500.00 dated October 16, 1950, apparently, like the others, made payable to the defendants, had on its back an endorsement,

which, if signed by the defendants, would have made it payable to the plaintiff. The endorsement was stricken out by the defendants who otherwise endorsed and cashed it on May 7, 1951. This check represented the last payment of the bank loan.

It is not disputed that some time in September 1950, Ford stopped work on the structure and that it was then incomplete and unfinished in many material respects. The defendants suggested to the plaintiff that if he would complete the building of the house, they would pay him the balance due. This the plaintiff declined to do and the defendants themselves undertook completion.

The judge found for the plaintiff in the sum of $584.57. He found that the defendants made a contract with the plaintiff by which they agreed to pay the plaintiff directly for all the materials furnished. He denied two of the defendants' requests for rulings of law, the first, that on all the evidence there should be a finding for the defendants, and the second, that the evidence does not warrant a finding for the plaintiff.

The case was reported because the defendants claimed to be aggrieved by the judge's denial of the two requested rulings.

We perceive no error either in the judge's denial of the two rulings requested by the defendants or in his findings. In our opinion, the judge was warranted in finding a direct and unequivocal undertaking on the part of the defendants to pay out of their bank loan for the building -materials which would not otherwise have been made available to them by the plaintiff, had they declined to sign and deliver the order. The order, on the strength of which the defendants obtained from the plaintiff the benefit of the lumber and building materials, also created a clear estoppel against their denial of the plaintiff's claim. *Sheehan v. Commercial Travelers etc. Association*, 283 Mass. 543, 551; *Swartz v. Lieberman*, 323 Mass. 109, 113. The fact that the defendants had no direct dealings with the plaintiff does not alter the

obligation, for it is apparent that in obtaining the order from them and delivering it to the plaintiff, Ford was acting as their agent, an agency which the defendants clearly ratified when they endorsed to the plaintiff three prior checks from the bank. The order also clearly obligated the defendants for payment for the "extra" materials.

The judge's decision finds support on another ground. The order as between plaintiff and defendants was a valid and unqualified assignment to the plaintiff of money otherwise payable by the bank to the defendants. *Buttrick Lumber Co. v. Collins*, 202 Mass. 413; *Andrews Electric, Incorporated v. St. Alphonse Catholic Total Abstinence Society*, 233 Mass. 20; *Gallner v. Babcock*, 237 Mass. 265.

Because the order was absolute, unqualified and unconditional, the fact that Ford abandoned his contract and had no further rights under it, nor any right to recover in quantum meruit, see, *Homer v. Shaw*, 212 Mass. 113, 116; *Biggs v. Densmore*, 323 Mass. 106; *Nevins v. Ward*, 320 Mass. 70; *Brady v. Lichter*, 328 Mass. 124, is of no significance, and distinguishes the case at bar from cases involving the conditional acceptance of similar orders, as in *O'Connell v. Root*, 254 Mass. 218; *Dolben v. Kaufman*, 270 Mass. 381.

As we perceive no error of law, an order is to be entered dismissing the report.