BOSTON CONSERVATORY OF MUSIC, INCORPORATED, *vs.* ARY DULFER.

Suffolk.   March 24, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Construction, Performance and breach.   *Practice, Civil*, Exceptions, Charge to jury.

A teacher of music made with a conservatory of music a contract in writing providing in part as follows: "If for any reason I should disconnect myself from the school I agree to pay one-half of the amount of all

moneys I shall receive, directly or indirectly, from the pupils obtained by or through the said Conservatory . . . I further agree that this employment shall continue until terminated by mutual consent, or until one party gives the other three months' notice in writing." For alleged breach of the rules of the conservatory, it gave in writing to the teacher a notice reciting, "according to your contract, therefore, you will kindly consider your connection with the . . . Conservatory of Music terminated three months from date." After the three months' period, the teacher continued to teach students of the conservatory whose attendance was not solicited nor influenced by him, and retained the proceeds of their tuition. *Held,* that the contract was terminated at the end of the three months named in the notice and that the conservatory had no right to enforce its provisions as to pupils taught by the teacher thereafter.

At the trial of an action by the conservatory against the teacher on the contract above described, instructions to the jury that, if the discharge was justified, the plaintiff could recover, but, if it was not justified, the action must fail, were sufficiently favorable to the plaintiff, and exceptions by the plaintiff thereto were overruled.

An exception, stated to be to "this last part of the charge on the whole," cannot be considered by this court.

CONTRACT upon the agreement in writing described in the opinion. Writ dated August 2, 1924.

In the Superior Court, the action was tried before *Whiting,* J. Material facts and exceptions by the plaintiff are described in the opinion. The jury found for the defendant and the plaintiff alleged exceptions.

*F. P. Fralli,* for the plaintiff.

*D. Flower,* for the defendant.

BRALEY, J. The plaintiff and defendant entered into a contract of the following tenor:

"Feb. 1, 1921.

To the Board of Directors
Boston Conservatory of Music, Inc.
Boston, Mass.

I hereby offer my services to the Boston Conservatory of Music, Inc., as one of its instructors and agree to teach all pupils obtained through the Conservatory.

As compensation for the instruction I agree to accept one-half of the tuition charged to each pupil whom I may instruct; the total to be payable at the end of each week.

I also agree that I shall not in any manner or form induce or influence pupils to leave the Conservatory.

If for any reason I should disconnect myself from the school I agree to pay one-half of the amount of all moneys I shall receivè, directly or indirectly, from the pupils obtained by or through the said Conservatory.

It is understood that if for any cause I may not be able to attend to the lessons assigned to me, I shall provide a competent instructor to take my place.

I further agree that this employment shall continue until terminated by mutual consent, or until one party gives the other three months' notice in writing.

[Signed] Ary Dulfer.

The Boston Conservatory of Music, Inc., accepts the foregoing offer of employment and engages Mr. Ary Dulfer exclusively under the foregoing terms.

Boston Conservatory of Music, Inc.
[Signed] By Agide Jacchia,
President."

It is claimed by the plaintiff that, the defendant having broken the contract it is entitled to damages. The only evidence was the testimony of the defendant called as a witness by the plaintiff. It appeared and the jury could find, that the defendant attended the conservatory as an instructor until October 13, 1923, when the following notice was given.

"Boston Conservatory of Music, Inc.
Agide Jacchia, Director
250 Huntington Avenue
Boston 17, Mass.

October 13, 1923.

Mr. Ary Dulfer,
20 Hemenway Street,
Boston, Mass.

Dear Mr. Dulfer: —

It is just one week since I wrote you calling your attention to the well-known regulation of the Conservatory prohibiting smoking in the lesson rooms and admonishing you that I insisted upon its strict observance.

In spite of this warning I have since seen you smoking during lessons and I am therefore convinced of the impossibility of obtaining your obedience to this Regulation. According to your contract, therefore, you will kindly consider your connection with the Boston Conservatory of Music terminated three months from date, January 13, 1924.

Yours sincerely,

Agide Jacchia."

It was admitted by the defendant that thereafter he received at his music studio and instructed pupils whom he had been teaching at the conservatory before the notice of discharge but whose attendance was not solicited or influenced by him, and that he retained the proceeds of their tuition. It was also in evidence that, after being discharged, the plaintiff requested him to execute an agreement by the terms of which he bound himself to pay to the conservatory one half of the amount he might receive from pupils he subsequently instructed, which he refused to sign.

The jury returned a verdict for the defendant. There were no specific requests, and the only exceptions saved by the plaintiff were to the instructions to the jury. We consider them in the order of their presentation to the presiding judge. The clause in the contract, "If for any reason I should disconnect myself from the school I agree to pay one-half of the amount of all moneys I shall receive, directly or indirectly, from the pupils obtained by or through the said Conservatory" is to be read in connection with the last clause, "I further agree that this employment shall continue until terminated by mutual consent, or until one party gives the other three months' notice in writing." The question was, whether the plaintiff had terminated the defendant's employment as provided in the contract. The right to terminate depended on the will of either party if "one party gives the other three months' notice in writing," and the plaintiff gave such notice.

The instructions, that if the discharge was justified the plaintiff could recover, but if not justified the action must fail, were sufficiently favorable to the plaintiff.

The exception to "this last part of the charge on the whole" cannot be considered. It was the duty of counsel to call the judge's attention to any misstatements of law which he claimed were material. *Commonwealth* v. *Meserve*, 154 Mass. 64, 75.

We perceive no substantial ground for reversal in the further instructions specifically excepted to, which read as follows. "There is one additional thing I am going to speak to you about. Nobody has said anything about it during the trial but it is in the contract. It is further agreed 'that this employment shall continue until terminated by mutual consent, or until one party gives the other three months' notice in writing.' In this case you also have the notice which is dated October 13, 1923, terminating the contract on January 13, 1924. Was that notice given, and if so, was it given three months before? If it was, gentlemen, and I don't know as there is any contradiction about it. If it was, then what happened was, what either party could do to terminate the contract; and you wouldn't be concerned as to whether there was a legal discharge or an improper discharge or not, but it would be a termination in accordance with the contract and in that event the only thing remaining about the contract would be the provision, or so far as important here, that he was to pay for one half of all moneys received. Then in that case, if you should so find, this provision would not apply, 'If for any reason I should disconnect myself from the school I agree to pay one-half of the amount of all moneys I shall receive, directly or indirectly, from pupils obtained by or through the said Conservatory.' If it was terminated by either side voluntarily, as they had a right to do with the three months' notice, the contract would be gone and this provision would not apply."

*Exceptions overruled.*