### Herman H. Bucholz *vs.* Green Bros. Company.

Hampden.    November 6, 1929. — June 30, 1930.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Contract*, Performance and breach. *Damages*, In contract. *Practice, Civil*, Variance; Amendment: after verdict; Exceptions.

An exception, saved by a party at the close of the charge to the jury at the trial of an action, "to each of the acts and rulings of the [trial] court herein specified," without any particular statement in the charge being specified as the subject of exception, was at most an exception to the whole charge and must be overruled.

A plaintiff in an action for breach of contract is entitled in general to damages sufficient in amount to compensate him for the loss actually sustained by him and to put him in as good position financially as he would have been in if there had been no breach and he had completed the contract; he may not insist upon extraordinary or unforeseen elements of damage, but only upon such as flow according to common understanding as the natural and probable consequences of the breach

and such as may be presumed to have been in the contemplation of the parties at the time the contract was made. Per RUGG, C.J.

A contract between a painter and a corporation required the painter to paint certain advertising signs, to maintain them for one year and to repaint them at the end of six months; and required the corporation to pay to the painter certain sums each month. The corporation failed to make some of the monthly payments after the signs were painted, so that at the end of six months a substantial sum was overdue. The painter then refused to repaint the signs. Thereafter the corporation made and the painter accepted some payments on account. In an action by him against the corporation for failure by the defendant to make the other payments due, there was evidence that the parties had a conversation at the end of six months, in which the plaintiff stated to the defendant's representative that he could not finance the work of repainting the signs unless the defendant paid him the money then in arrears and that the cost of repainting would be about that sum; and the defendant's representative said that it was not in a position to pay and that, if the plaintiff would go ahead with the work, it "would probably be able to pay" later on. *Held,* that

(1) Findings were warranted that the defendant's obligation to make the monthly payments was an essential feature of the contract and that its failure to perform that obligation was so serious and substantial as to justify the plaintiff in refusing to go on with the contract and to incur expense in repainting the signs;

(2) There was no error in instructions to the jury, that the plaintiff could not recover if he had done only part of what he agreed to do, unless he was excused in some way by the defendant from doing that which he was required by the contract to do but had failed to do; that failure by the defendant to do that which was required of it, occurring previous to the time when the plaintiff was required to do something under the contract which he failed to do, would constitute such excuse; and that the vital question to be decided was whether the plaintiff had performed all that he was required to do previous to the failure to perform on the part of the defendant;

(3) The plaintiff was not barred of recovery by accepting from the defendant a portion of the money due to him after having refused to go on with the contract;

(4) An instruction to the jury that, if the plaintiff was entitled to recover, he was entitled to recover as damages the difference between what he would actually have received if the contract had been fully performed by him and what he did in fact receive, after taking into account as a deduction from the difference thus ascertained whatever benefit came to him by reason of being relieved from fully performing the contract, was proper;

The declaration in the action above described contained allegations in substance that the plaintiff had performed fully his part of the contract. The defendant seasonably raised the issue of variance between the declaration and the evidence by requests for rulings which were refused by the trial judge. Upon exceptions by the defendant after

a verdict for the plaintiff, it was *held*, that, although there was a variance and the plaintiff was not entitled to recover on the declaration, nevertheless, since the issue on which a verdict had been rendered for the plaintiff appeared to have been fully and fairly tried, it seemed that he ought to have an opportunity to amend the declaration in order to make it conform to the evidence; and it *was ordered* that, if a motion by the plaintiff to amend were made and allowed by the trial court, the exceptions were to be overruled; otherwise they must be sustained.

CONTRACT. Writ dated March 23, 1927.

The action was tried in the Superior Court before *Weed*, J. The plaintiff testified that he did not repaint the signs. The declaration, other material evidence, rulings by the judge and portions of his charge to the jury are described in the opinion. He denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $5,092.28. The defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot & R. Lasker*, for the defendant.

*G. F. Leary & G. D. Cummings*, for the plaintiff.

RUGG, C.J. This case was submitted to the jury on four counts, each setting out a separate contract in writing between the plaintiff and defendant. By each contract the plaintiff was obligated to paint and maintain, at many different locations to be approved by the defendant, outdoor advertising signs for a period of one year from "average date of completion" and to repaint the same at "the end of each six month period"; and the defendant was obligated to pay to the plaintiff specified monthly rentals "payable on or before the tenth of each month of billing." In each of these counts the plaintiff alleged that he "did in pursuance of said agreement paint said signs and maintain the same in accordance with the terms of the agreement, but that the defendant failed to pay the monthly rentals after the expiration of a few months." Other counts not submitted to the jury need not be considered.

The questions of law which arose as the case was tried and submitted to the jury first will be considered apart from those based on variance between the proof and the alle-

gations in the declaration. The form of exception at the close of the charge, which is printed in full, was "to each of the acts and rulings of the court herein specified." No particular statement in the charge was pointed out as made the subject of exception. If directed to the charge at all, it was an exception to the whole charge. Under familiar principles, no exception to the charge is open to the defendant. *Gibney* v. *Everson*, 192 Mass. 228, 231. *Boston Conservatory of Music, Inc.* v. *Dulfer*, 256 Mass. 262, 266.

There was evidence tending to show that the defendant failed on each contract to make the payments required of it, so that at the end of the first "six month period" there was overdue an aggregate of about $3,000; that at about that time there was conversation between the plaintiff and representatives of the defendant to the effect that the plaintiff said that he could not repaint the signs unless and until the arrearages for rentals due under the contracts were paid, and that the cost of repainting would be about the amount thus overdue; that he could not finance the work unless he was paid the money due him; and that it was said in behalf of the defendant that it was not in any position to pay and that, if the plaintiff would go ahead and do the work, later on it "would probably be able to pay." There seems to have been little if any dispute as to the failure of the defendant to make the payments. The testimony above narrated, although in some respects contradicted, might have been found to be true.

In these circumstances, it is apparent that the obligation of the defendant to make the monthly payments was an essential and inducing feature of the contracts, and that the defendant's breach in this particular went to the root of the contracts. In such state of affairs justice did not require the plaintiff to incur the considerable expenditures resting on him to repaint the signs, but the defaults of the defendant were so serious and so intimately connected with the substance of the contracts as to justify the plaintiff in refusing to go on with them or to be bound further by them. On this point the case is within the au-

thority of several decisions. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275, 279. *Eastern Forge Co.* v. *Corbin*, 182 Mass. 590, 593 and cases cited. *R. H. White Co.* v. *Remick & Co.* 198 Mass. 41, 47. *Dudley* v. *Wye*, 230 Mass. 350, 355. *Hughes* v. *Rendle Corp.* 271 . Mass. 208.

It appears from the charge of the judge that the course of the trial was that there was no dispute that the contracts were made; that the signs were originally painted and were maintained in the locations required by the contracts, and that the defendant had failed to some extent to make the payments required of it, and that the payments actually made were not much in dispute; that the real controversy of fact related to occurrences between the parties at the conversations at or about the time of the expiration of the first "six month period," when it became the duty of the plaintiff under the contract to repaint the signs. The positions taken by the parties at the trial appear to have been stated in the charge adequately and fairly. No exception was saved and, as we understand it, no argument has been addressed to us, on this point.

The instruction to the jury was right to the effect that the plaintiff could not recover if he had done only part of what he agreed to do, unless he was excused in some way by the defendant from doing that which he was required by the contract to do but had failed to do; and that failure by the defendant to do that which was required of him, occurring prior to the time when the plaintiff was required to do something under the contract which he failed to do, would constitute such excuse, and that the vital question to be decided was whether the plaintiff had performed all that he was required to do prior to the failure to perform on the part of the defendant. The importance of determining which breach of contract occurred first, whether that of the plaintiff or that of the defendant, was impressed upon the jury. The first eight requests by the plaintiff for rulings of law were adapted to the evidence, were substantially correct, and there was no error in granting them, and the charge as amplified statements of them was correct.

The plaintiff was not barred from recovery by accepting payments made by the defendant on account after he had treated the contract as at an end by reason of the defaults of the defendant. He was simply getting and keeping a part of what was his due.

The rule as to damages embodied in substance in the plaintiff's ninth request for a ruling, and adopted by the judge, was to the effect that, if the jury found that the plaintiff was excused from repainting the signs and otherwise completing the contracts by the conduct of the defendant and was justified in treating and did treat the contracts as broken by the defendant, and did nothing inconsistent with that position, then he was entitled to recover as damages the difference between what he would actually have received if the contracts had been fully performed by him and what he did in truth receive, after taking into account as a deduction from the difference thus ascertained whatever benefit came to him by reason of being relieved from fully performing the contracts. A plaintiff in an action for breach of contract is entitled in general to damages sufficient in amount to compensate him for the loss actually sustained by him, and to put him in as good position financially as he would have been in if there had been no breach and he had completed the contract. He may not insist upon extraordinary or unforeseen elements of damage, but only such as flow according to common understanding as the natural and probable consequences of the breach and such as may be presumed to have been in the contemplation of the parties at the time the contract was made. The rule adopted in the ninth request and in the charge conforms to this test and is in accord with or fairly deducible from adjudicated decisions. *Parker* v. *Russell*, 133 Mass. 74. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 446. *Boyden* v. *Hill*, 198 Mass. 477, 486–487. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 416–417.

The plaintiff in each count of his declaration alleged in substance that he performed the contracts on which his action was founded by painting and maintaining the signs

in accordance with the terms of the contracts. The evidence plainly shows that he did not perform all the obligations resting on him under the contracts. He was not physically prevented from completing his part of the contracts. His position at the trial was that he did not fully complete his part of the contracts because the breaches first committed by the defendant justified him in not so completing the performance of the contracts, and that he fully performed his part of the contracts until after those breaches by the defendant. Counts containing allegations of that nature would have set forth good causes of action. Those were not the causes of action set out in the counts of his declaration. As already pointed out, those allegations were in substance complete performance by the plaintiff of his part of the several contracts. It is settled that a plaintiff who alleges that he has completely performed his part of the contract and who proves that he has not so performed, cannot recover on that form of pleading. *Allen v. Burns,* 201 Mass. 74. *Bowen v. Kimbell,* 203 Mass. 364. *Putnam-Hooker Co. v. Hewins,* 204 Mass. 426. *Lynch v. Culhane,* 237 Mass. 172. *Cutter v. Arlington Construction Co.* 268 Mass. 88, 92. The plaintiff failed to set out in the counts of the declaration concisely and with substantial certainty the causes of action which he proved. G. L. c. 231, § 7, Second. As matter of law he was not entitled to recover damages for the cause of action which he proved under the allegations of these counts in his declaration. *Davis v. H. S. & M. W. Snyder, Inc.* 252 Mass. 29.

The defendant seasonably raised this question of variance between the allegations and the proof by numerous requests for rulings, all of which were denied.

It seems to us on the record that the case was fully and fairly tried by both sides on the issues on which it was submitted to the jury and on which the plaintiff has been found entitled to prevail, and that amendments well might be allowed to the declaration in order to make it conform to the case established by proof. *Pizer v. Hunt,* 253 Mass. 321. No such amendment has been offered. That question has not been argued and we do not feel like deciding it now.

See G. L. c. 231, § 125. The plaintiff is given leave, if so advised within thirty days after the date of the rescript, to file a motion in the Superior Court for appropriate amendments to his declaration so that it may conform to the proof; if such motion is filed and after hearing, preferably by the judge who presided at the trial, is allowed, then the exceptions are overruled; if such motion is not filed, or is denied if filed, the exceptions must be sustained.

*So ordered.*