### THE H. D. WATTS COMPANY *vs.* AMERICAN BOND AND MORTGAGE COMPANY.

Suffolk.   April 1, 2, May 10, 11, 1930. — June 30, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Agency*, Liability of principal for acts of subagent, Scope of authority. *Unlawful Interference.   Practice, Civil*, Exceptions, Verdict, New trial. *Law of the Case.   Evidence*, Competency.   *Damages*, In tort.

This court decided, as reported in 260 Mass. 599 and 267 Mass. 541, that a verdict for the plaintiff was warranted on all the evidence at two trials of an action of tort brought by a contractor against a bonding company for damages resulting from the defendant's having unlawfully induced and coerced a hotel corporation to break a contract in writing between it and the plaintiff for the construction of a hotel and to enter into a contract for the construction of the hotel with another corporation engaged in the contracting business and directly or indirectly controlled by the defendant and the defendant's president.   There was evidence at the third trial that the defendant's president, acting in all that he did for the defendant, negotiated with two

individuals who induced the hotel corporation to break its contract with the plaintiff; and that the president, when discussing with the plaintiff the details of the contract, said to the plaintiff that he did not want to take the matter up with him any further, that the individuals knew what he wanted, that they were handling the matter for him and that, if the plaintiff had anything further to say, he should say it to them. *Held,* that

(1) A finding was warranted either that the individuals were agents of both the defendant and its president, or of neither of them, or of the president alone, or of the defendant alone;

(2) A finding also was warranted that the president was not acting as he did for himself, but solely as agent of the defendant; and that the individuals were subagents appointed by him to act for the defendant;

(3) A finding therefore was warranted, in the absence of negligence on the part of the president in selecting the individuals, that the defendant alone was responsible for their acts;

(4) Certain rulings by the trial judge in accordance with the principles of law previously decided by this court were proper;

(5) There was no error in the following instructions to the jury: "In an action of tort for inducing a breach of contract the damages for which recovery is had is the loss of advantages, either of property or of personal benefit, which but for such interference the plaintiff would be able to attain or enjoy. . . . The plaintiff cannot recover speculative or conjectural profits or losses of any description. The measure of recovery is limited to the actual value of the contract viewed in the light of the attendant circumstances of which the jury could find the defendant had knowledge. It is what the plaintiff would have received if he had not been deprived of its performance through the acts of the defendant";

(6) There was no error in a refusal by the trial judge to rule that there was no evidence that the defendant attempted to procure a breach of the contract between the hotel corporation and the plaintiff in order to get business for itself either directly or indirectly: the jury could infer that the defendant could get a greater profit if the hotel building were erected by the contracting corporation controlled by it than if it were erected by the plaintiff;

(7) The trial not having proceeded on the theory of conspiracy, requests relating to conspiracy properly were refused.

The action above described, in which there was a verdict for the plaintiff, was tried with an action for the same cause against the president. There was a verdict for the defendant in the second action. The defendant corporation before verdict did not raise the question whether the jury properly might render verdicts in this manner. The defendant corporation filed a motion for a new trial and a motion for judgment in its favor on the ground that the verdicts were inconsistent. Both motions were denied. *Held,* that

(1) It was not open to the defendant as of right on the motion for a new trial to raise a question which it might have raised before verdict;

(2) The granting of the motion for a new trial rested in the discretion of the trial judge; and no abuse of discretion appeared in its denial;

(3) Since a finding was warranted that the individuals were sub-agents of the president and agents solely of the defendant corporation, there was no inconsistency in the verdicts;

(4) Both motions properly were denied.

TORT. Writ dated July 31, 1923.

The action first was tried in the Superior Court before *Walsh*, J., with another action against William J. Moore. The judge ordered a verdict for the defendant in each action. Exceptions saved by the plaintiff at that trial were sustained by a decision reported in 260 Mass. 599. There followed a second trial of the actions before *Callahan*, J., at which there was a verdict for the plaintiff in each action. Exceptions saved by the defendants at that trial were sustained by a decision reported in 267 Mass. 541.

The evidence at a third trial of the actions before *Weed*, J., was substantially the same as at the previous two trials. The judge denied a motion by the defendant American Bond and Mortgage Company that a verdict be ordered in its favor; and refused rulings, among others, requested by that defendant, as follows:

"22. There is no evidence in this case that the defendant attempted to procure a breach of the contract between The Chatham, Inc., and the plaintiff in order to get business for itself either directly or indirectly."

"40. There is no evidence that the defendant combined with anyone to procure a breach between The Chatham, Inc., and the plaintiff.

"41. There is no evidence that the defendant was acting in concert with Tobey and Clark to procure a breach of the contract with The Chatham, Inc., and the plaintiff."

As to damages, the judge instructed the jury: "In an action of tort for inducing a breach of contract the damages for which recovery is had is the loss of advantages, either of property or of personal benefit, which but for such interference the plaintiff would be able to attain or enjoy. . . . The plaintiff cannot recover speculative or conjectural

profits or losses of any description.  The measure of recovery is limited to the actual value of the contract viewed in the light of the attendant circumstances of which the jury could find the defendant had knowledge.  It is what the plaintiff would have received if he had not been deprived of its performance through the acts of the defendant."  He also amplified this statement by a brief review of the evidence.  The jury found for the plaintiff against the American Bond and Mortgage Company in the sum of $368,506.62.  There was a verdict for the defendant in the action against Moore.  The defendant corporation alleged exceptions.  Motions by that defendant for a new trial and for judgment in its favor are described in the opinion.  They were denied.  That defendant also alleged exceptions to such denials.

*R. G. Dodge & E. R. Anderson*, for the defendant.

*H. R. Bygrave*, (*M. C. Kelleher* with him,) for the plaintiff.

CARROLL, J.   This action of tort to recover damages for an unlawful interference by the defendant with a contract between the plaintiff and The Chatham, Inc., a corporation for the erection of an apartment hotel, was tried with a similar case brought by the same plaintiff against William J. Moore who, during the time in question, was the president of the American Bond and Mortgage Company, the defendant here.  The declaration alleges that this unlawful interference resulted in The Chatham, Inc., breaking its building contract with the plaintiff and entering into a similar contract with the Longacre Engineering and Construction Company, "a corporation directly or indirectly controlled by the defendant."  The answer is a general denial.  In the case against Moore there was a verdict for the defendant; in the case at bar there was a verdict for the plaintiff.  These cases have twice been before this court, 260 Mass. 599; 267 Mass. 541, where the facts are outlined.  It is not questioned that the facts in the present case are substantially the same as stated in the earlier decisions.

There are three bills of exceptions filed by the defendant: the first presents questions arising at the trial; the

second relates to the motion for a new trial; and the third concerns the defendant's motion for judgment and subsequent proceedings.  The motion for a new trial rested mainly on the ground that the verdict against the defendant was inconsistent with the verdict for the defendant in the case against Moore.  At the hearing on this motion the judge was asked to rule, in effect, that, as the liability of the defendant depended on the acts of its agent Moore, the verdict for Moore required that the verdict against the defendant be set aside.  In the third bill the defendant alleges that the case against Moore went to final judgment; the defendant moved that judgment be entered in its favor on the ground that the judgment for Moore is a conclusive bar to recovery in the action against the American Bond and Mortgage Company.  The fundamental question is this: Could there be a finding against the defendant when Moore, who was the agent acting for the defendant in the transaction, was found to be not liable?

Moore was the defendant's president.  He and members of his family owned practically all the shares of the capital stock of the Longacre Engineering and Construction Company; he also owned a majority of the common stock of the defendant corporation.  He testified that in all he did he acted for the defendant.  He entered into negotiations with Clark and Tobey, who, according to the evidence, induced The Chatham, Inc., to break its contract with the plaintiff.  Clark and Tobey, it could have been found, were agents of Moore and also agents of the defendant; no one but these persons represented the defendant.  In denying the motion for a new trial, the trial judge stated: "I am not satisfied that, upon the evidence and the weight of the evidence, the jury would have been warranted in finding that Clark and Tobey were agents of the company alone . . . No inference seems reasonable other than that, in what they did, Clark and Tobey were acting as agents for Moore individually as well as for the Bond & Mortgage Company."  When the cases were before us for the second time, 267 Mass. 541, it was said at page 550 after a review of the testimony: "This series of events

. . . leads us to the conclusion . . . that there was evidence upon which the jury could find that the defendants [Moore and the American Bond and Mortgage Company], through Clark and Tobey as their authorized agents, wrongfully induced the Hotel Company to break its contract with the plaintiff."

There was evidence that Moore said to Watts, when discussing the details of the Watts contract, that "he didn't want to take this thing up with him any further, that Clark and Tobey knew what he wanted done if he was going ahead with the deal, that they were handling the matter for him . . . and anything more he (Watts) had to say to say to them." On this evidence the jury could find that Clark and Tobey were agents of both Moore and the defendant. 260 Mass. 599; 267 Mass. 541. It was open to the jury to have found that Clark and Tobey were not the agents of either Moore or the defendant; they could have found that Clark and Tobey were agents of Moore alone, or they were agents of both Moore and the defendant.

And the jury could also have found that Moore was not acting for himself but was acting as the agent of the defendant; that Clark and Tobey were subagents appointed by Moore to act for the defendant. Moore was the president of the defendant. If acting as such, and having express or implied power to employ Clark and Tobey for his principal, then Clark and Tobey became the agents of the principal; and if damage to the plaintiff resulted from their acts and the jury could on the evidence have found that Clark and Tobey brought about the breach of the plaintiff's contract, then Moore was not responsible to the plaintiff. The rule is expressed by Field, J. in *Barnard* v. *Coffin*, 141 Mass. 37, at page 41, in these words: "The principle which runs through the cases is, that, if an agent employs a sub-agent for his principal, and by his authority, express or implied, then the sub-agent is the agent of the principal, and is directly responsible to the principal for his conduct, and, so far as damage results from the conduct of the sub-agent, the agent is only responsible for a want of due care in selecting the sub-agent." *Hewett* v. *Swift*, 3 Allen, 420, 425.

*Stockbridge Iron Co.* v. *Cone Iron Works*, 102 Mass. 80.   See *Hawks* v. *Locke*, 139 Mass. 205.   Mechem on Agency (2d ed.) §§ 332, 338.   There was evidence that the acts done to interfere unlawfully with the plaintiff's contract were done by Clark and Tobey; that they were acting for the defendant. There was no evidence that Moore was negligent in selecting them, and within the implied powers of Moore as president of the defendant he could hire them.   *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 267 Mass. 541, 548, 550. The point now under consideration was not brought to the jury's attention in the charge of the judge, but the defendant did not except to this omission in the charge: the exception was a general one to the refusals to rule as requested and to the rulings made in accordance with the plaintiff's requests. *Boston Conservatory of Music, Inc.* v. *Dulfer*, 256 Mass. 262, 266.   *Carroll* v. *Metropolitan Life Ins. Co.* 258 Mass. 249, 253. The jury could, therefore, have found for Moore and against the defendant on the ground that Clark and Tobey were subagents of Moore and agents of the defendant.

It is now argued that Moore in employing Clark and Tobey was acting for his personal advantage and not for the benefit of the corporation.   It was open to the jury so to find, but they were not obliged to do this.   They could have found on all the evidence that Clark and Tobey were employed by Moore within the scope of his authority to act for the defendant; that Clark and Tobey did act as the agents of the defendant.   *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 267 Mass. 541, 548, 550.

The defendant also contends that the judgment in favor of Moore is available by way of defence to the defendant; that as its liability is dependent on the principle of *respondeat superior*, the judgment in favor of Moore is *res judicata* in its favor.   See *Portland Gold Mining Co.* v. *Stratton's Independence*, 158 Fed. Rep. 63, 68, 69.   *New Orleans & Northeastern Railroad* v. *Jopes*, 142 U. S. 18, 24, 27.   *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 127, 128.   As we have said, the jury could say that Clark and Tobey were agents of the defendant hired by Moore

under his implied power to employ subagents. In such circumstances Moore would not be liable for their acts.

The judge instructed the jury, "if the defendant Moore, the individual, did this intentional wrong to the plaintiff, he is liable; if he on the other hand, acting as the authorized officer of the American Bond & Mortgage Company and acting in its behalf and for its benefit, did the wrong, the corporation is liable." During the deliberations of the jury, they returned and asked, in effect, if they found for the plaintiff should they "fill out both sheets, that is, the one that reads H. D. Watts *v.* William J. Moore, and the one reading H. D. Watts *v.* American Bond & Mortgage Co." They were instructed to return a verdict in each case, the judge stating, in effect: "If you find" that "Moore is liable" a verdict is to be returned against him in the full amount. "If you find that the defendant American Bond & Mortgage Company also is liable, then you must fill out that blank for the full amount of the damages . . . You must return a verdict in each case. I don't mean by that that you must necessarily find a verdict for the plaintiff in each case if you find it in one case." It does not appear that any exception was taken to this. The right of the jury to return a verdict in favor of Moore as the agent of the defendant, and upon the same evidence to find the defendant liable, was not brought to the attention of the trial judge, and it is not now open to the defendant, as matter of right, to raise this question of law which might have been raised before verdict; it was in the discretion of the judge to grant a new trial if he so decided. *Commonwealth* v. *Barney*, 258 Mass. 609. *Energy Electric Co. petitioner*, 262 Mass. 534. *Harvard Trust Co.* v. *Cambridge*, 270 Mass. 403, 409, and cases cited.

The question presented by the second bill of exceptions relates to the motion to set the verdict aside on the ground that the verdict rendered was inconsistent with the one rendered in the case against Moore. If the jury found that Clark and Tobey were agents of the defendant appointed by Moore to act for the defendant, there would be

no inconsistency in exonerating Moore from liability and finding the defendant liable. Whether there was in fact an inconsistency was a subject proper for consideration on a motion for a new trial; and whether a new trial should have been granted for "the seeming inconsistency in the verdicts" in point of fact or in the failure to exercise good judgment by the jury, was a matter for the sound judicial discretion of the judge. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 502. As no abuse of discretion by the trial judge appears in the denial of this motion, the exceptions in the second bill of exceptions are overruled.

The third bill of exceptions sets out that the defendant filed a motion for judgment, in effect, that, in an action by the plaintiff against Moore, which was tried with the case against the defendant, final judgment was entered for Moore on January 13, 1930; that upon the evidence this defendant could not as matter of law be found liable unless Moore was also liable; that judgment in his favor is a conclusive bar to recovery in the present action.

In our opinion the judge was right in denying on its merits the defendant's motion that judgment be entered in its favor. It could have been found that Clark and Tobey were the defendant's agents. Moore's testimony at a former trial appears to have been introduced at this trial without objection: it was, therefore, entitled to full probative value. See *Hubbard* v. *Allyn*, 200 Mass. 166, 171. Moore there testified that "In everything that he did in his dealings with the Chatham and with Clark he was acting for the American Bond & Mortgage Company." When called as a witness here he did not contradict this; he testified "He never gave them [Clark and Tobey] any instructions either on his own behalf or on behalf of the" defendant. The jury might have believed that he never instructed them on his own behalf, and found if any instructions were given them they were given solely on behalf of the defendant. It could have been found that Moore engaged Clark and Tobey to act for the defendant, and not for himself, and on other evidence that Clark and Tobey, acting for the defendant and without instructions

from Moore, but knowing that Moore because of his financial interest in the Longacre company would be glad to have the contract between the plaintiff and The Chatham, Inc., abrogated in order that the Longacre company might get the contract and in order to be more sure to secure the financing of the defendant, which may have been essential to the project, accomplished the abrogation of the contract of The Chatham, Inc., with the plaintiff by means found by the jury to be tortious toward the plaintiff. Whether they did this to get their own commissions or to gain favor with Moore or to make more certain the profit of the defendant through a second contract with The Chatham, Inc., or for other reasons, is not important now. The motion for entry of judgment for the defendant was denied rightly as matter of law, and a verdict and judgment for Moore based on the view suggested would not be a bar to the plaintiff's action against the defendant. This is sufficient in our opinion to dispose of the argument that there is an inconsistency in the two verdicts. The motion for judgment for the defendant was denied properly. In so far as the question of the motion for a new trial is presented in the third bill of exceptions, there was no abuse of discretion in denying the motion. The exceptions in the third bill of exceptions are overruled.

There was no error in the ruling of the judge with reference to the transaction of October 13, 1922. The earlier decisions of the court on this matter dispose of the question and in this respect the judge followed the law there decided. The rulings on the question of damages were correct. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 267 Mass. 541, 551. There was no error in the refusal to give requests numbered twenty-two, forty and forty-one. The jury could infer that the defendant could get a greater profit from floating the loan if the building were erected by the Longacre company than if built by the plaintiff. The case was not tried on the theory of a conspiracy and the requests relating thereto were refused properly.

*Exceptions overruled.*