WILLIAM COHAN SHOE CORPORATION *vs.* HICKSON,
INC.

Suffolk. April 6, 1934. — May 26, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* Construction.

In an action for money alleged to be due under an accounting between
the parties and as money had and received by the defendant to the
plaintiff's use, it appeared that the parties made a contract whereby
the plaintiff was to conduct as proprietor a certain department in the
defendant's retail store for five years, the defendant was to furnish
certain services and to receive the receipts of the department, retain-
ing therefrom as his compensation a certain percentage of the net
sales and remitting monthly to the plaintiff, and the plaintiff war-
ranted to the defendant that the defendant's percentage would not
be less than a certain sum per year; that after the plaintiff had carried
on the department under the contract for about nine months, he
moved his goods from the premises by reason of an alleged failure
by the defendant to make monthly remittances; and that the defend-
ant at that time had in his hands a certain sum which was the balance
of the receipts from the plaintiff's department after deducting the
agreed percentage of net sales. *Held,* that
(1) At the time when the plaintiff moved, the defendant was not
entitled to deduct from the receipts of the plaintiff's department a
minimum of one twelfth of the percentage warranted for the year
for each month in which the parties had operated under the contract;
(2) The plaintiff was entitled to recover from the defendant the
entire balance in his hands.

CONTRACT for certain money alleged to be due under an
accounting between the parties and as money had and re-
ceived by the defendant to the plaintiff's use. Writ dated
March 28, 1932.

The action was tried in the Superior Court before *Gold-
berg,* J., upon an agreed statement of facts. Material facts
are stated in the opinion. The judge ordered a verdict for
the plaintiff in the sum of $828.78 plus interest. The de-
fendant alleged an exception to such order.

*James F. Sullivan,* for the defendant.

The plaintiff was not called upon.

LUMMUS, J.   The defendant, on June 1, 1931, made a written contract with the plaintiff whereby the plaintiff was to conduct as proprietor a boot and shoe department in the defendant's retail store for five years.   See *R. H. White Co.* v. *Jerome H. Remick & Co.* 198 Mass. 41; *Jones* v. *Donnelly,* 221 Mass. 213, 218; *Marcelle, Inc.* v. *Sol. & S. Marcus Co.* 274 Mass. 469.   The defendant was to furnish space, light, heat, delivery service and bookkeeping, and was to be the temporary custodian of the receipts from goods sold, remitting monthly to the plaintiff.   The defendant was to be compensated by twelve and one half per cent of the net sales, and the plaintiff warranted that the annual return to the defendant under this plan would not be less than $2,500.

The department was carried on until March 9, 1932, when in consequence of the defendant's alleged failure to remit monthly as agreed the plaintiff moved its stock of goods from the premises.   The defendant does not argue that this was a breach on the part of the plaintiff.   See *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 52, 53.   It is agreed that at that time, after deducting its percentage upon net sales, the defendant held the sum of $828.78 belonging to the plaintiff, unless the defendant had the right to insist each month on a minimum credit of a proportionate part of the warranted annual return.   Plainly the defendant had no such right. Any lack of revenue in the earlier part of the year might conceivably have been made up in the last month.   The warranty could not have been broken until the end of the year, which had not arrived.   The direction of a verdict for the plaintiff for $828.78 and interest, to which the defendant excepted, was right.

*Exceptions overruled.*