HERMAN H. BUCHOLZ *vs.* GREEN BROS. COMPANY.

Hampden.     December 5, 1933. — April 3, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Amendment, Recoupment. *Constitutional Law,* Due process of law. *Law of the Case. Contract,* Performance and breach.

Where the issues in an action have been fully and fairly tried, the court has the power, after verdict for the plaintiff, without a new trial, to allow an amendment to the declaration in order to make the statement therein of the cause of action conform to the evidence and thus avoid a variance.

In such circumstances, the allowance of the amendment and the entry of judgment on the verdict are not a denial to the defendant of the right of trial by jury or a violation of the Fourteenth Amendment to the Constitution of the United States.

Where this court, upon exceptions by the defendant following a verdict for the plaintiff in an action, sent a rescript permitting the plaintiff to file in the trial court a motion to amend his declaration so that it might conform to the proof, and the plaintiff thereafter filed a motion to

amend, which was allowed by the trial judge, the allowance imported findings by the trial judge that the declaration as amended conformed to the proof at the trial and that the issues raised by the amended declaration had been fully and fairly tried at the trial; and such findings were warranted on the record.

The allowance of the amendment above described was not precluded by the facts that, shortly before the close of the trial, the plaintiff had presented and the trial judge had denied a motion for leave to make substantially the same amendment and that the plaintiff had not perfected an exception to the denial.

There was no merit in a contention by the defendant that the issues raised by the amendment above described had not been fully and fairly tried in that there were errors of law at the trial, where it appeared that the alleged errors of law had been previously passed upon by this court on the defendant's exceptions and that the rescript ordered the exceptions overruled if a proper amendment were allowed by the trial court; the previous decision by this court became the law of the case.

Where it appeared in an action for breach of a contract that the plaintiff had performed the contract up to the time of a breach thereof by the defendant which justified the plaintiff in not completing his performance, the defendant was not entitled to recoup for expense incurred by him as a result of such nonperformance by the plaintiff, because the defendant would not have been entitled to recover such expense in an action against the plaintiff.

CONTRACT. Writ dated March 23, 1927.

The action previously was before this court upon the defendant's exceptions following a verdict for the plaintiff, and, in a decision reported in 272 Mass. 49, the rescript described in the opinion was sent. Thereafter a motion by the plaintiff to amend the declaration, as described in the opinion, was allowed by *Weed*, J. The defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot & R. Lasker*, for the defendant.

*G. F. Leary, G. D. Cummings, & R. W. Hardy*, for the plaintiff.

FIELD, J. This is an action of contract. After a trial in the Superior Court before a jury, where there was a verdict for the plaintiff, the case came here on exceptions. This court decided that there was a variance between the allegations of the declaration and the proof and made the following order: "The plaintiff is given leave, if so advised within thirty days after the date of the rescript, to file a

motion in the Superior Court for appropriate amendments to his declaration so that it may conform to the proof; if such motion is filed and after hearing, preferably by the judge who presided at the trial, is allowed, then the exceptions are overruled; if such motion is not filed, or is denied if filed, the exceptions must be sustained." 272 Mass. 49, 56.

Thereafter the plaintiff made a motion in the Superior Court before the judge who presided at the trial to amend his declaration and the defendant at that time made requests for rulings. The rulings were denied and the motion was allowed, and the defendant excepted.

The original declaration alleged that the plaintiff and the defendant entered into contracts whereby the plaintiff agreed to paint for the defendant and maintain for a year certain advertising signs, and the defendant was to pay the plaintiff the sum of $5 per month for each sign so painted and maintained, that the plaintiff performed his obligations under the contracts, but that the defendant failed to pay the monthly rentals after the expiration of a few months and was indebted therefor to the plaintiff. The evidence at the trial showed that there was not complete performance of the contracts on the part of the plaintiff. By his motion to amend the declaration, the plaintiff sought to substitute a new declaration in which allegations in the original declaration of performance by him of his part of the contracts were replaced by allegations that the defendant failed to make payments due to the plaintiff as required by the contracts; that thereby "the plaintiff was prevented from fully completing his contract with the defendant"; that "the defendant first committed a breach of said contract; that said breach justified the plaintiff in not completing the performance by him of said contract; that the plaintiff fully performed his part of said contract until after the breach committed by the defendant and that the defendant owes the plaintiff damages for the breach of said contract."

There was no error in the denial of the defendant's requests for rulings and the allowance of the motion to amend.

It is settled that the court has the power after verdict,

without a new trial, to allow an amendment to a declaration in order to make the statement of the cause of action conform to the evidence and thus avoid a variance between allegations and proof where issues have been fully and fairly tried. G. L. (Ter. Ed.) c. 231, §§ 51, 55. *Pizer* v. *Hunt*, 253 Mass. 321, 331–332, and cases cited. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 502–503. The allowance of such a motion and entry of judgment on the verdict, where the issues have been fully and fairly tried, are not a denial of the right of trial by jury or a violation of the Fourteenth Amendment to the Constitution of the United States. *Pizer* v. *Hunt*, 253 Mass. 321, 332. See also *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, 476; *Rosen, petitioner*, 236 Mass. 321, 326.

The allowance of the amendment was in accordance with the order of this court permitting the allowance of "appropriate amendments to . . . [the] declaration so that it may conform to the proof," if, in fact, the declaration as amended conformed to the proof. The decision of the case when here before clearly indicates that the "appropriate amendments" contemplated were amendments such that the declaration as amended would allege in substance that the plaintiff "did not fully complete his part of the contracts because the breaches first committed by the defendant justified him in not so completing the performance of the contracts, and that he fully performed his part of the contracts until after those breaches by the defendant." (272 Mass. 49, 55, 56.) It was held that counts containing such allegations would have set forth good causes of action. And the amended declaration contains such allegations. It states, as to each contract, a single cause of action for breach of contract by the defendant by nonperformance of its duty to make payments required by the contract (see Am. Law Inst. Restatement: Contracts, § 312) and contains as an essential element an allegation of facts showing excuse for nonperformance by the plaintiff. The allegation in the amended declaration that "the plaintiff was prevented from fully completing his contract" by the defendant's nonperformance is not inconsistent with this

interpretation of the declaration and does not state a different or additional cause of action. Clearly this is not an allegation that the plaintiff was physically prevented from completing his part of the contract.

The bill of exceptions discloses — as the bill of exceptions previously before this court did not (see *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 55) — that after the arguments of counsel at the trial the plaintiff moved to amend his declaration in a manner closely similar to the amendment now under consideration and that the motion was denied. The plaintiff excepted to the denial of the motion but did not perfect his exception. Such denial did not preclude the allowance of the present amendment. It was not conclusive against the plaintiff on the doctrine of *res judicata* or estoppel by judgment, which is applicable only after a final judgment has been entered. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. Even if the judge had a legal right on the previous motion to allow the amendment, the disallowance thereof was discretionary. *Reno* v. *Cotter*, 236 Mass. 556, 563; *S. C.* 239 Mass. 581, 583. And the plaintiff by failing to perfect his exception to such disallowance lost his right, so far as he had any, to have it reviewed as a matter of law. But such disallowance did not exhaust the power of the trial judge. And before judgment, where the motion was properly before him — as here, on the order of this court — there was no legal objection to the allowance by him for proper cause of a motion to amend which was substantially the renewal of the motion previously denied. *Cinamon* v. *St. Louis Rubber Co.* 229 Mass. 33, 37. See also *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31; *Clark* v. *McNeil*, 246 Mass. 250, 257.

The allowance of the amendment by the trial judge was conclusive between the plaintiff and the defendant as to the identity of the cause of action (G. L. [Ter. Ed.] c. 231, § 138; *Shapiro* v. *McCarthy*, 279 Mass. 425, 428–429) since a finding of such identity was not legally impossible. Compare *Bowen* v. *Fairfield*, 260 Mass. 38, 41.

Furthermore, the allowance of the amendment implied

findings by the trial judge that the declaration as amended conformed to the proof and that the issues raised thereby were fully and fairly tried. See *Cutter* v. *Arlington Construction Co.* 268 Mass. 88, 92–93. And the record — which contains "all the material evidence and all the material facts" with respect to the hearing on the motion to amend, including the evidence and the judge's charge at the trial so far as material to the bill of exceptions previously passed upon — shows nothing to the contrary. This record discloses that the evidence warranted a finding that the material allegations of the amended declaration were proved. There is no merit in the defendant's contention that one of the contracts introduced in evidence required a payment of $5 per month for one hundred twenty-five advertising signs instead of $5 per month each, as alleged in the amended declaration, or in its contention that the evidence did not warrant a finding that the plaintiff maintained the signs for the periods alleged therein. Moreover, it is apparent from the judge's charge that the issues on which the case was submitted to the jury and on which the plaintiff was found entitled to prevail were the issues raised by the amended declaration.

The defendant contends, however, that the issues submitted to the jury were not fully and fairly tried, for the reasons that there were errors of law in the trial and that the defendant did not have opportunity to introduce material evidence on the issues raised by the amended declaration. The alleged errors of law relied on were passed upon by this court in the prior decision when it ordered the exceptions overruled if a proof-conforming amendment was allowed. That decision became the law of the case, binding upon the trial judge and authoritative for this court unless — as would be unwarranted — it is overruled as wrong in law. *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 349. And it is apparent from the record that the defendant knew at the time of the trial that the issues now raised by the amended declaration were then being tried, had ample opportunity to introduce evidence material thereto, and probably would not have offered other evi-

dence on these issues if the amendment had been allowed before or during the trial. But the defendant contends that it was deprived of an opportunity to recoup for overpayment by it under the contract, above referred to, dealing with one hundred twenty-five signs, and for expenses incurred by it in repainting the signs. There could have been no such recoupment. The defendant's claim of overpayment is based on an erroneous interpretation of the contract. And the defendant could not, after its default in payment excusing repainting by the plaintiff, recoup for expenses incurred by it for repainting. The plaintiff's justifiable nonperformance, though reducing his recoverable damages (*Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 54), was not a ground for recovery in a direct action and, consequently, not a ground for recoupment. See *Graham* v. *Middleby*, 213 Mass. 437, 443. The record indicates that the implied finding of the trial judge that the issues presented by the declaration as amended were fully and fairly tried was amply warranted.

It follows that the motion to amend the plaintiff's declaration was allowed rightly. And what has been said with reference thereto disposes of the defendant's requests for rulings.

*Exceptions overruled.*