Rollins, J.
This is an action of tort against two defendants to recover for malicious interference with two contracts of the plaintiff. The writ is dated January 9, 1948.
The pleadings are not fully set forth in the Report and other papers transmitted to this Appellate Division. We have therefore examined the declaration on file in the District Court of Brockton, where this case was tried. This we believe is proper. See Kolda v. National-Ben Franklin Fire Ins. Co., 290 Mass. 182, 184, 187; Kaplan v. Bell, 1 Mass. Appellate Div. Reports 508, 511.
The declaration alleges that the plaintiff made two contracts for work on dwelling houses, the first, on December 4, 1947, with Mrs. Kaseta for a price of $350, and the sec *56 ond on November 8, 1947, with Mrs. Fongeallaz for the consideration of $2500. It is further alleged that the defendants, knowing of the contracts, maliciously induced the two women to break them and enter into similar contracts with the defendants, whereby the plaintiff lost the benefit and advantages of these contracts.
The evidence shows that the plaintiff and the defendant Kahian wTere formerly partners, doing business under the name of Eagle Construction Company, and that this partnership and not the plaintiff entered into the two written contracts maintained above. Shortly after the execution of these contracts the defendant Kahian went to work for the defendant Blanchette as his manager. Blanchette was engaged in construction and repair work and did business under the name of Brockton Construction Company. Soon after starting to work for the defendant Blanchette, the defendant Kahian went to see the son of Mrs. Kaseta, who was acting for his mother. Kahian told him he would do the job for less money provided it was cash and asked to have a new contract signed. In this new contract Brockton Construction Company, and not Eagle Construction Company, was named as a party. Mrs. Kaseta signed the new agreement. A few days later the son noticed that the new agreement was made out in the name of the Brockton Construction Company and asked the defendant Kahian why this was. Kahian told him the price of $350 was not agreeable to his former partner, the plaintiff, that the original contract was void, and that he, Kahian, was no longer with the Eagle Construction Company but was employed by the Brockton Construction Company. This work was later done by the Brockton Construction Company.
After the defendant Kahian began to work for the defendant Blanchette the two defendants went together to see Mrs. Fongeallaz. The defendant Kahian told her that because there was another Company that had the same *57 name “Eagle Construction Company” it was necessary to change the name of the concern to Brockton Construction Company. A new contract was drafted and executed between Mrs. Fongeallaz and the defendant Blanchette under the name of Brockton Construction Company, wherein it was agreed that for $1000 that Company was to do a part of the work provided for in the agreement with the Eagle Construction Company. Mrs. Fongeallaz was not told the Brockton Construction Company was a different concern. She thought she was doing business with the same concern that signed the original contract. The defendants performed the work set forth in the contract with the Brockton Construction Company.
At the close of the trial the plaintiff filed ten requests for rulings of law the first and sixth of which are as follows:
(1) “The intentional interference with plaintiff’s contracts in the absence of any legal justification was malicious in law and entitled the plaintiff to damages. ’ ’
(6) ‘ ‘ On all the evidence, a finding for the defendants is not warranted.”
The Court denied Bequest No. 1 “as inapplicable” with the memorandum, “I do not find that there was any intentional interference with any known, existing contract of the Plaintiff.” The Court also denied Bequest No. 6 and found for the defendants.
The plaintiff claiming to be aggrieved by the denial of the two above requests and his Bequest No. 5, the case is reported to us for determination.
There is a fatal variance between the pleadings and the proof, and the variance was never cured by any amendment of the plaintiff’s declaration. Bucholz v. Green Bros. Co., 272 Mass. 49, 55; Arnes v. Beal, 284 Mass. 56, 61.
The declaration alleged that the plaintiff, (an individual), made the two above contracts and that the defendant know *58 ing thereof maliciously interfered with the same to the great damage of the plaintiff. The Report states “ . . . the plaintiff seeks to recover for the defendants malicious interference with two (2) contracts of the plaintiff.”
The evidence proved that the two contracts were made, not - by the plaintiff, but by the partnership, Eagle Construction Company. Upon execution the two contracts became the property of the partnership. G. L. C. 108 A, § 8.
The partnership may have been and probably was, dis- • solved when one of the partners, namely the defendant Kahian, went to work for a competitor. G. L. C. 108 A, § 31 and see § 32. But there is no evidence that the partnership was ever wound up by the payment of its obligations and the division of the remaining assets between the partners. The partnership was not terminated on disso.lution but continues until the winding up of partnership affairs is completed. G. L. C. 108 A, § 30. Accordingly the two contracts which became the property of the partnership when made have remained the property of the partnership. The plaintiff, as one of the partners, did not own the two contracts. He was only a co-owner with his partner, holding as a tenant in partnership. G. L. C. 108 A, § § 24, 25. The contracts, property of the partnership, were subject to be applied to the discharge of the liabilities of the partnership, before any division of the same between the partners. G. L. C. 108 A, § 38.
Prom the foregoing it is clear that the plaintiff, as an individual, did not own the two contracts, or either of them.
The variance between the allegations and the proof was seasonably raised by the plaintiff’s own requests for rulings, the denial thereof and the special findings of fact by the trial judge. Bucholz v. Green Bros. Co., supra, at p. 55.
There was no prejudicial error and the order must be Report dismissed.