Hinkle, Margaret R., J.
On February 21,2002, after a seven-week trial, the jury entered a verdict and award of $1,040,812 in favor of Astra USA, Inc. (“Astra” or “the company”) finding that Lars Blidman (“Bildman”) had defrauded Astra, converted company funds, wasted company assets, breached his fiduciary duty to the company, engaged in sexual harassment, violated the company’s sexual harassment policy and retaliated against company employees who complained about sexual harassment. With respect to Bildman’s claims against Astra, the jury found that Astra did not breach the 1993 Employment Agreement either by terminating Bildman or with respect to the profit sharing plan. However, the jury also found that Bildman did not fraudulently induce Astra to enter into a March 1996 supplemental stock grant and that Astra owed Bildman $203,691 under that stock grant.
Bildman now renews his motion for entry of judgment on Count II of his counterclaim for indemnification and also seeks legal fees and costs under the 1993 Employment Agreement. Following a hearing, and for the reasons discussed below, Bildman’s motion for entry of judgment on Count II and for legal fees is denied.

DISCUSSION

Count II of Bildman’s counterclaim seeks indemnification for costs and expenses incurred in this litigation. Bildman first claims entitlement to payment of legal fees under Paragraph 9 of the Employment Agreement which provides:
Legal Fees. The Company shall pay to the Employee all reasonable legal fees and expenses incurred by him in contesting or disputing any termination of this Agreement or in seeking to obtain or enforce any right or benefit provided by this Agreement. In no event shall the Employee be required to reimburse the Company for any legal fees or expenses incurred by it in connection with this Agreement.
Bildman argues that the unambiguous language of Paragraph 9 entitles him to legal fees because he both disputed his termination and successfully recovered compensation earned under the supplemental stock grant.
Astra contends that any obligation to pay Bildman’s fees under Paragraph 9 ended when Bildman was terminated for cause under Paragraph 4(f) of the Employment Agreement, which provides:
In the event of the termination of the Employee under this Paragraph, the Company shall have no further obligation to the Employee hereunder, except any obligation under any compensation or benefit plan in which the Employee is then a participant.
In addressing the issue before the court, certain legal principles are well settled. The court construes all provisions of a contract together to make it a rational business instrument and a workable and harmonious means for effectuating the parties’ intent. Starr v. Fordham, 420 Mass. 178, 192 (1996); J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 795 (1986). An interpretation which gives reasonable meaning to all provisions of a contract is preferred to one which renders a term or provision superfluous. Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986); Associated Credit Serv., Inc. v. City of Worcester, 33 Mass.App.Ct. 92, 94, rev. den., 413 Mass. 1107 (1992).
Bildman emphasizes that Paragraph 9 states that it applies to “any termination” and argues that interpreting Paragraph 4(f) to relieve Astra of its obligations in the event of termination for cause renders the phase “any” meaningless. In addition to termination by Astra for cause, paragraph 4 of the Employment Agreement provides for termination by the employee with or without cause, termination by Astra without cause, and termination upon change of control of the company. The term “any” in Paragraph 9 is not superfluous but rather appears to be shorthand encompassing all these termination situations. With respect to termination by Astra for cause, however, the specific limitation of Paragraph 4(f) controls the more general language of Paragraph 9. See Lembo v. Waters, 1 Mass.App.Ct. 227, 233 (1973). Thus, because the jury in this litigation specifically found that Astra properly terminated Bildman for cause, Paragraph 4(f) relieves Astra of obligation to pay legal fees under Paragraph 9 of the Employment Agreement.
Bildman’s argument that his termination for cause was ineffective under Paragraph 4(f) because Astra director Charles Cooney was not present, either physically or by telephone, for the termination vote on June 25, 1996 is unpersuasive. Paragraph 4(f) provides:
The Employee’s employment hereunder may be terminated for cause by the Company, effective immediately by a vote of a majority of all of the members of the Board of Directors, on written notice to the Employee setting forth in reasonable detail the nature of such cause.
Cooney testified at trial that he was on vacation on a climbing expedition on Mount Rainier on June 25, 1996. Although he attempted to participate in the Board meeting by his cell phone, he was not able to get a phone connection. Anticipating such difficulties, Cooney had spoken to Tucker Clauss on June 20 about the state of the evidence against Bildman and informed Clauss that he supported termination for cause, although he did not give a formal proxy for the upcoming vote.
Bildman’s assertion that delegated authority is insufficient because Massachusetts law requires actual or telephonic presence for an absent director to par *370 ticipate in a vote effectively is incorrect. The statute cited by Bildman, Chapter 156, section 59, provides:
Unless the articles of organization or the by-laws otherwise provide, members of the board of directors of any corporation or any committee designated thereby may participate in a meeting of such board or committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other at the same time and participation by such means shall constitute presence in person at a meeting.
Although this statute permits participation by conference call as the legal equivalent of actual presence, it does not state that the only way a vote by a director can be effective is by physical or telephonic presence at a Board of Directors meeting. Bildman has not introduced any evidence that Astra’s Articles of Organization or By-laws require physical or telephonic presence or a written proxy for a vote to be effective. Accordingly, I find and rule that Cooney’s position in favor of termination for cause, as conveyed to Clauss, was sufficient participation in the vote to satisfy the requirements of Paragraph 4(f), and the unanimous vote of the Board of Directors to terminate Bildman was effective.
I also conclude that even if recovery of fees under Paragraph 9 were not barred by Paragraph 4(f) of the Employment Agreement, Bildman still would not be entitled to fees. It is well established that a material breach of contract by one parly excuses the other party from further performance as a matter of law. Quintin Vespa Co. v. Construction Serv. Co., 343 Mass. 547, 554 (1962); Hastings Assoc., Inc. v. Local 369 Building Fund, Inc., 42 Mass.App.Ct. 162, 171, rev. den., 424 Mass. 1108 (1997). A material breach is one that goes to an essential and inducing feature of the contract: i.e., the “root” of the contract. Bucholz v. Green Bros. Co., 272 Mass. 49, 52 (1930); Lease-It v. Massachusetts Port Auth., 33 Mass.App.Ct. 391, 396 (1992). The existence of a material breach must be determined from the circumstances of each case. Boston Housing Auth. v. Hemingway, 363 Mass. 184, 200 (1973).
In this case, the juiy’s findings that Bildman defrauded the company, converted company funds, wasted company assets, breached his fiduciary duty to the company, engaged in sexual harassment, violated the company’s sexual harassment policy and retaliated against company employees who complained about sexual harassment leads to the inevitable conclusion that Bildman’s conduct rose to the level of a material breach of the Employment Agreement, relieving Astra from any obligations under Paragraph 9.
Bildman also claims a right to indemnification under Paragraph 8 of the Employment Agreement, which provides:
The Company agrees to indemnify the Employee in his capacity as an officer and member of the Board of Directors of the Company, all to the maximum extent permitted under the laws of the Commonwealth of Massachusetts, from and against any and all claims, damages, suits, costs, or liabilities, arising out of or relating to the performance of his duties and responsibilities as President and Chief Executive officer. The provisions of this Paragraph 8 shall survive expiration or termination of the Agreement for any reason.
Paragraph 8 by its terms survives Bildman’s termination for cause under Paragraph 4(f). Nonetheless, Astra argues that indemnification under Paragraph 8 is precluded under Massachusetts law as a matter of public policy.
Chapter 156B, section 67, which permits but does not require indemnification for corporate directors, officers and employees, provides in relevant part:
No indemnification shall be provided for any person with respect to any matter as to which he shall have been adjudicated in any proceeding not to have acted in good faith in the reasonable belief that his action was in the best interest of the corporation
G.L.c. 156B, §67 (2000).
Bildman argues that because the jury did not expressly make a finding that he acted in bad faith, indemnification under Paragraph 8 does not run afoul of this statute. See Demoulas v. Demoulas Super Markets, Inc., Mass. 501, 561-62 (1997) (corporate officer entitled to indemnification under by-laws where court failed to make express finding he acted in bad faith; plaintiff never brought substantive claim against officer alleging that he breached fiduciary duty or acted against corporation’s interests, and his inclusion in action was predicated on possibility that his cooperation might be needed to effect relief); Dynan v. Fritz, 400 Mass. 230, 245-46 (1987) (corporate officers entitled to indemnification under by-laws where, although court rescinded challenged transaction as having breached director’s duty of loyalty, it did not find director acted in bad faith). Cf. Boston Children’s Heart v. Nadal-Ginard, 73 F.3d 429, 436-38 (1st Cir. 1996) (denial of corporate officer’s indemnification claim proper where court found he was disloyal and breached fiduciary duties to corporation).
Under Massachusetts law, bad faith imports a dishonest purpose or some moral obliquity, implying a conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will, and it partakes of the nature of fraud. Spiegel v. Beacon Participations, Inc., 297 Mass. 398,416 (1937); Parker v. D’Avolio, 40 Mass.App.Ct. 394, 403, rev. den., 423 Mass. 1102 (1996). In this case, a juiy determination that Bildman acted in bad faith is implicit in their findings that Bildman defrauded the company, converted company funds, wasted company *371 assets, breached his fiduciary duly to the company, engaged in sexual harassment, violated the company’s sexual harassment policy and retaliated against company employees who complained about sexual harassment. Thus, I conclude that Chapter 156B, section 67 precludes indemnification of Bildman in this action.

ORDER

For the foregoing reasons, it is hereby ORDERED that Lars Bildman’s motion for entry of judgment on Count II of his counterclaim for indemnification and for judgment on his claim for legal fees and costs under the 1993 Employment Agreement is DENIED. It is further ORDERED that judgment enter in favor of Astra on Count II of Bildman’s counterclaim.

Third-party defendant: Carl-Gustaf Johansson.